**Bill STEVE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 59942.**

Court of Criminal Appeals of Texas, Panel No. 1.

March 25, 1981.

Rehearing Denied April 29, 1981.

---

William W. Sommers, San Antonio, for appellant.

Bill M. White, Dist. Atty., Lawrence R. Linnartz, and Gail Dalrymple, Asst. Dist. Attys., San Antonio, Robert Huttash, State's Atty., Austin, for the State.

Before ONION, P. J., and ROBERTS and ODOM, JJ.

## OPINION

ROBERTS, Judge.

The appellant was found guilty of the offense of indecency with a child. His punishment, enhanced by two prior felony convictions, was assessed at confinement for life.

Elizabeth Bialas testified at trial that she left her son and daughter, the eight year old complaining witness, with the appellant on the day of the alleged offense. That evening she returned to the appellant's apartment, picked up her children, and drove home. During the drive Bialas learned from her daughter that the appellant had placed his hand on the complaining witness's vagina. The complaining witness also testified concerning the incident. The appellant contends that he was prevented by the trial court from showing Bialas's bias and prejudice as a witness and her motive for making these allegations. The

appellant also contends that he was improperly prevented from showing the strong influence Bialas had over the testimony of the complaining witness.

■ The appellant's third and fourth grounds of error complain of the trial court's refusal to admit the opinion testimony of Lucinda Dobbs, an intake worker for the Bexar County Child Welfare Department. The appellant contends that it was error to exclude from evidence Dobbs's opinion that the complaining witness had been told what to say regarding the alleged incident of indecency. This opinion was based upon the fact that the complaining witness, while discussing the incident with Dobbs, used almost the exact wording that her mother had used in response to the same questions, and the fact that the complaining witness described the incident in words that were not "appropriate" for an eight year old child. Whenever the jury is in possession of the same information as the witness and the jury can fully understand the matter and draw the proper inferences and conclusions, the witness's opinion testimony is unnecessary and inadmissible. R. Ray, 2 *Texas Law of Evidence* Section 1393 (3rd ed. 1980). Dobbs was not prevented by the trial court's ruling from testifying as to the underlying facts which formed the basis of her opinion. The jury could reasonably infer from those facts, without the aid of any opinion testimony, that the complaining witness had been told what to say. We hold, therefore, that it was not error to exclude Dobbs's *opinion* as to the similarity of responses by the complaining witness and her mother.

■ The appellant also contends that it was error to exclude from evidence Dobbs's opinion that there was a strong possibility that the complaining witness identified with and was greatly influenced by her mother. This opinion was based on Dobbs's belief that the complaining witness had been physically abused by her mother, and the belief that abused children tend to rely upon the abusing parent for acceptance. The appellant tendered Dobbs as an expert witness qualified to express an opinion as to

the emotional attitudes and responses of physically abused children toward an abusing parent. Whether a witness offered as an expert possesses the required qualifications is a question which rests largely within the discretion of the trial court, and the decision to admit or exclude the proposed opinion testimony will not be disturbed unless a clear abuse of discretion is shown. *Cantu v. State*, 141 Tex.Cr.Rep. 99, 135 S.W.2d 705 (1940). Dobbs testified that she had received a bachelor's degree in psychology and sociology, that she had engaged in continuing education, and that through her four years of employment she had gained experience in evaluating physically and sexually abused children. She also testified that her assessment of an abused child was based upon her own opinions derived from the education that she had received. We are of the opinion that no abuse of discretion appears from the record.

The appellant's first and second grounds of error complain of the trial court's refusal to admit evidence of prior allegations that the complaining witness had been physically and sexually abused. The appellant contends that it was error to exclude evidence of prior complaints made to the Bexar County Child Welfare Department charging that he had sexually abused the complaining witness. Upon direct examination by the appellant's counsel, Dobbs testified that she had been assigned to investigate allegations made more than a year prior to the date of the instant offense that the appellant had sexually abused the complaining witness. The record does not reveal other complaints that were excluded over the appellant's objection. *This ground is without merit.*

■ The appellant also contends that it was error to exclude evidence showing that at the time he was charged with this offense the Bexar County Child Welfare Department was investigating a report that Bialas physically abused her two children. The appellant's defensive theory was that in order to divert the focus of the Welfare Department's investigation from herself, Bialas forced the complaining witness to

allege that she had been sexually abused by the appellant. The appellant's bill of exception shows that Beverly Clay, a caseworker for the Bexar County Child Welfare Department, would have testified that she originally contacted Bialas because of a report that Bialas was physically abusing her children. The trial court sustained the State's objection that this evidence was irrelevant.* The motives which operate on the mind of a witness while he testifies should never be regarded as immaterial or irrelevant. *McDonald v. State*, 77 Tex.Cr. Rep. 612, 179 S.W. 880 (1915). Great latitude should be allowed the accused in showing any fact which would tend to establish ill feeling, bias, motive, or animus upon the part of any witness testifying against him. The jury should be given the opportunity to judge for themselves the witness's credibility in light of the witness's feelings toward the accused and his motive for testifying. *Wood v. State*, 486 S.W.2d 359 (Tex.Cr.App. 1972); *Coleman v. State*, 545 S.W.2d 831 (Tex.Cr.App.1977).

In the instant case the excluded testimony showed that a child abuse investigation was pending against Bialas at the time her daughter charged the appellant with sexual indecency. This testimony reasonably tended to establish a motive for Bialas's testimony against the appellant. Facts which tended to show Bialas's motive for testifying were proper impeachment evidence. We hold, therefore, that the proffered testimony was erroneously excluded.

The judgment of the trial court is reversed and the cause is remanded.

---

* The State contends that the appellant succeeded in introducing testimony concerning reports that the complaining witness had been physically abused. The record reveals several instances where the jury was informed that the Bexar County Child Welfare Department had received such reports. However, the appellant was never permitted to show against whom the complaints were filed.