COURT OF APPEALS

SECOND DISTRICT OF TEXAS
FORT WORTH
 NO. 2-03-338-CR
 

 
DAVID LEE SALINAS                                                              APPELLANT
 
V.
 
THE STATE OF TEXAS                                                                  STATE
 

 
------------
 FROM THE 371ST DISTRICT COURT OF TARRANT COUNTY
 ------------
 OPINION
 ------------
        A jury convicted Appellant David Lee Salinas of aggravated sexual assault
of a child and assessed his punishment at sixty years’ confinement in the
Institutional Division of the Texas Department of Criminal Justice and a fine of
$10,000. The trial court sentenced him accordingly. Appellant brings two
points on appeal, arguing that the trial court erred in (1) granting the State’s
challenge for cause to a member of the venire and (2) permitting the State’s
expert to testify that she made a diagnosis of sexual abuse based solely on the
self-reported medical history of the complainant because the expert’s testimony
necessarily constituted a direct opinion on the credibility of the complainant.  
Because we hold that Appellant did not preserve his jury selection complaint
and that the trial court’s error in admitting the expert’s testimony is not
reversible, we affirm the trial court’s judgment.
Background Facts
        At trial, H.W., the eight-year-old complainant, testified.  She said that
when she was six years old, she was awakened by Appellant, her cousin’s
husband, penetrating her anally with his finger.  She saw his face.  H.W.
demonstrated to the jury what had happened with anatomically correct dolls.  
The evidence showed that within twenty-four hours, H.W. told her mother what
had happened, and H.W. was taken to the hospital.  Approximately four and a
half months later, Dr. Jamye Coffman performed a sexual assault examination
on the complainant, finding no physical evidence of sexual assault.
Expert Testimony
        In his second point, Appellant raises a troubling issue, alleging that the
trial court improperly admitted expert testimony that directly commented on the
credibility of the complainant. Regarding the details of the offense, the
complainant testified only that Appellant had penetrated her anus with his
finger.  The State later called Dr. Jamye Coffman, a pediatrician who specializes
in child sexual abuse cases.  Four and a half months after the event to which
the complainant testified, Dr. Coffman examined her. Dr. Coffman testified,
and it is common knowledge, that generally there will be no physical evidence
of the mere insertion of a finger into the anus of a six-year-old child.  Yet Dr.
Coffman was allowed to testify over Appellant’s objection that she diagnosed
sexual abuse based solely upon the history provided by the complainant, and
“she had an exam which was consistent with that history.” That is, Coffman
diagnosed sexual abuse by digital penetration of the anus because the child told
her that digital penetration had occurred and because there was no physical
evidence of any sexual abuse.
        It is well settled that a witness may not give an opinion as to the truth or
falsity of other evidence.[1]  In Schutz, the Texas Court of Criminal Appeals held
that the State’s expert’s statements that (1) the complainant did not exhibit any
evidence of fantasizing in her testimony, (2) manipulation was a less likely
explanation for the complainant’s allegations, and (3) the complainant’s
allegations were not the result of fantasy constituted direct comments upon the
truth of the complainant’s allegations.[2]
        In Yount, the Texas Court of Criminal Appeals examined the testimony
of a pediatrician who was allowed to testify that her examination of the eight-year-old complainant, who had alleged digital penetration of the vagina, yielded
no indications of abuse, but that of the hundreds of children she had examined,
she had “seen very few cases where the child was actually not telling the
truth.”[3]  The Yount court noted that “[v]irtually every jurisdiction which has
addressed, in the context of a child sexual assault case, the admissibility of
direct testimony as to the truthfulness of the child complainant, has held that
such direct testimony is inadmissible.”[4]
        Our sister court in Dallas has also dealt with the propriety of expert
testimony in a child sexual abuse case when the expert testimony went only to
matters within the jurors’ experience.[5]  The Kirkpatrick court relied in part on
the Texas Court of Criminal Appeals opinion in Steve v. State:[6]  “Whenever
the jury is in possession of the same information as the witness and the jury
can fully understand the matter and draw the proper inferences and
conclusions, the witness’s testimony is unnecessary and inadmissible.”[7]
        In the case now before this court, the testimony of Dr. Coffman was a
direct comment on the credibility of the complaining witness. Although Dr.
Coffman could legitimately testify that she found no evidence of sexual abuse,
she was allowed to testify over objection as follows:

 
Q. Did you conduct a physical exam of her after that history
was taken?
  
A. Yes.
  
Q. And were there any physical findings?
  
A. No, there were not. She had a normal exam.
  
. . . .
  
Q. Did you make a diagnosis in this case?
  
A. Yes.
  
Q. And what was that diagnosis?
  
A. The diagnosis is sexual abuse, and that was based on her
history and that she had an exam which was consistent with
that history.
         . . . . 
Q. And a diagnosis by history, is that generally accepted in your
profession?
 
A. Yes.
 
         Because there was no physical indication of digital penetration, Coffman’s
testimony can only be seen as an attempt to directly bolster the credibility of
the complainant and a direct comment on the complainant’s truthfulness. 
Although Dr. Coffman could properly testify that the physical exam was normal,
the trial court abused its discretion in admitting Dr. Coffman’s testimony that
she had diagnosed sexual abuse based on the child’s medical history.
        Having found error, we must conduct a harm analysis to determine
whether the error calls for reversal of the judgment.[8]  Because Appellant has
not raised constitutional concerns on appeal, we treat this as an error in the
admission of evidence, which is not constitutional.[9]  Consequently, rule
44.2(b) is applicable.[10]  Therefore, we are to disregard the error unless it
affected Appellant’s substantial rights.[11]  A substantial right is affected when
the error had a substantial and injurious effect or influence on the jury’s
verdict.[12]  In making this determination, we review the record as a whole.[13]
        Our review of the record shows that the complainant’s testimony about
the sexual assault was clear and unequivocal and included a visual
demonstration with anatomically correct dolls.  Further, her outcry was prompt,
occurring the day after the incident in question.  Finally, our examination of the
State’s final argument shows that the State did not emphasize Dr. Coffman’s
testimony.  Under the limited facts of this case, we hold that the error in
admitting Dr. Coffman’s testimony concerning the complainant’s credibility did
not have a substantial and injurious effect or influence on the jury’s verdict.
        We are mindful of the fifth prong of the Harris factors, that is, the
likelihood that an error will be repeated with impunity,[14] but the record in the
particular case before us does not provide evidence concerning this prong. 
Consequently, we overrule Appellant’s second point.
Challenge for Cause
        In his first point, Appellant argues that the trial court erred in granting the
State’s challenge to a venire member who said that he could never convict on
the testimony of a single witness.  At trial, Appellant objected that the State’s
question was an improper commitment question.  On appeal, he argues that the
venire member was not disqualified as a juror.  Because Appellant’s complaint
on appeal does not comport with his objection at trial, this complaint is not
preserved for review.[15]  We overrule Appellant’s first point.
Conclusion
        Having overruled both of Appellant’s points, we affirm the trial court’s
judgment.
    
    
                                                                  LEE ANN DAUPHINOT
                                                                  JUSTICE
    
  
PANEL B:   DAUPHINOT, HOLMAN, and GARDNER, JJ.
 PUBLISH
 DELIVERED: May 19, 2005

 

NOTES


1.  Schutz v. State, 957 S.W.2d 52, 59 (Tex. Crim. App. 1997); Yount v.
State, 872 S.W.2d 706, 708 (Tex. Crim. App. 1993).


2.  Schutz, 957 S.W.2d at 59.


3.  Yount, 872 S.W.2d at 708.


4.  Id. at 711 & n.8.


5.  Kirkpatrick v. State, 747 S.W.2d 833 (Tex. App.—Dallas 1987, pet. ref’d),
overruled on other grounds, Duckett v. State, 797 S.W.2d 906 (Tex. Crim.
App. 1990).


6.  614 S.W.2d 137 (Tex. Crim. App. 1981).


7.  Id. at 139.


8.  Tex. R. App. P. 44.2.


9.  See Johnson v. State, 967 S.W.2d 410, 417 (Tex. Crim. App. 1998).


10.  Tex. R. App. P. 44.2(b).


11.  Id.; see Mosley v. State, 983 S.W.2d 249, 259 (Tex. Crim. App. 1998)
(op. on reh’g), cert. denied, 526 U.S. 1070 (1999); Coggeshall v. State, 961
S.W.2d 639, 642-43 (Tex. App.—Fort Worth 1998, pet. ref’d) (en banc).


12.  King v. State, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997) (citing
Kotteakos v. United States, 328 U.S. 750, 776, 66 S. Ct. 1239, 1253 (1946));
Coggeshall, 961 S.W.2d at 643.


13.  Kotteakos, 328 U.S. at 764-65, 66 S. Ct. at 1248.


14.  Harris v. State, 790 S.W.2d 568, 585-87 (Tex. Crim. App. 1989).


15.  See Tex. R. App. P. 33.1(a)(1)(A); Heidelberg v. State, 144 S.W.3d 535,
538 (Tex. Crim. App. 2004); Mosley, 983 S.W.2d at 265; Bell v. State, 938
S.W.2d 35, 54 (Tex. Crim. App. 1996), cert. denied, 522 U.S. 827 (1997);
Rezac v. State, 782 S.W.2d 869, 870 (Tex. Crim. App. 1990).