GONZALES V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-466-CR

FELIPE JONATHAN GONZALES APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 297TH DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

I.  Introduction

Appellant Felipe Jonathan Gonzales appeals his conviction and life sentence for capital murder.  In his first issue, appellant contends that the trial court erred by denying his request for an instruction on the lesser-included offense of felony murder.  In his second issue, appellant  complains that the trial court erred by permitting the State’s expert witness to provide a narrative interpretation of the State’s video presentation.  We affirm.

II.  Background Facts

On October 17, 2002, a private citizen flagged down a Fort Worth police officer and informed him that the clerk of a nearby convenience store had been shot.  Officers immediately responded to O'Malley's Food Store and discovered the cash register open and Nasir Meraj, the store clerk, lying dead in the back of the store.  Meraj had been shot multiple times. 

A video surveillance camera in the store recorded parts of the robbery and showed that three individuals were involved.  However, police were unable to identify the suspects depicted on the video.  Later, detectives received a Crime Stoppers tip identifying appellant as one of the individuals responsible for the robbery and murder.  Police arrested appellant, and he subsequently confessed to participating in the robbery.  He also admitted that his brother, Fernando Gonzales, fired the fatal shots that killed Meraj and admitted that he (appellant) had grabbed the money and put it into his pockets. 

At trial, the court instructed the jury on the law of the parties, including the law of conspiracy.  The jury returned a general verdict of guilty on the capital murder charge
, and the trial court sentenced appellant to life in prison.  

III.  Lesser-Included Offense Instruction

In his first issue, appellant claims that the trial court erred by failing to instruct the jury on the lesser-included offense of felony murder. 
 
We use a two-pronged test to determine whether a defendant is entitled to an instruction on a lesser-included offense.  
Rousseau v. State
, 855 S.W.2d 666, 672-73 (Tex. Crim. App.), 
cert. denied
, 510 U.S. 919 (1993); 
Royster v. State
, 622 S.W.2d 442, 446 (Tex. Crim. App. 1981).  First, the lesser-included offense must be included within the proof necessary to establish the offense charged.  
Salinas v. State
, 163 S.W.3d 734, 741 (Tex. Crim. App. 2005); 
Rousseau
, 855 S.W.2d at 672-73; 
Royster
, 622 S.W.2d at 446.  Second, some evidence must exist in the record that would permit a jury to rationally find that if appellant is guilty, he is guilty only of the lesser offense.  
Salinas
, 163 S.W.3d at 741; 
Rousseau
, 855 S.W.2d at 672-73; 
Royster
, 622 S.W.2d at 446.

Felony murder is a lesser-included offense of capital murder.  
Threadgill v. State
, 146 S.W.3d 654, 665 (Tex. Crim. App. 2004).  The element distinguishing capital murder from felony murder is the intent to kill.  
Id
.  Felony murder is an unintentional murder committed in the course of committing a felony.  
Tex. Penal Code Ann.
 § 19.02(b)(3) (Vernon 2003); 
Fuentes v. State
, 991 S.W.2d 267, 272 (Tex. Crim. App. 1999).  Capital murder includes an intentional murder committed in the course of robbery.  
Tex. Penal Code Ann.
 § 19.03(a)(2) (Vernon Supp. 2005); 
Fuentes
, 991 S.W.2d at 272.  For a criminal defendant to be entitled to an instruction on felony murder, there must be some evidence that would permit a jury rationally to find the defendant intended to commit the robbery but not to cause the death of the victim.  
Threadgill
, 146 S.W.3d at 665.  Whether the defendant intended to kill the victim before the robbery took place is irrelevant; the issue is whether there is any evidence that the defendant did not intend the victim’s death when the murder was committed.  
Fuentes
, 991 S.W.2d at 272-73.

Appellant contends that there is ample evidence to support a finding that he did not intend to kill Meraj; therefore, the jury should have been instructed on the lesser-included offense of felony murder.  As support for this contention, appellant points to his written statement to the police in which he admits to planning the robbery.  However, this is not affirmative evidence that shows that appellant had no intent to kill Meraj.  
See Threadgill
, 146 S.W.3d at 665 (holding evidence of one objective does not foreclose finding of additional objective).  Moreover, the evidence also shows that appellant obtained the murder weapon, entered the store to provide surveillance, grabbed the money from the store counter, watched as Fernando marched Meraj to the back of the store at gunpoint, and showed no surprise or negative reaction to the shooting.  We conclude there is no evidence upon which a jury could rationally have found that appellant did not intend Meraj’s death at the time the murder occurred.  Accordingly, appellant was not entitled to a charge on the lesser-included offense of felony murder.  
See id
.  Therefore, we overrule appellant’s first issue.

IV. 
Narration of Video

In his second issue, appellant argues that the trial court abused its discretion by permitting an expert witness to provide a narrative interpretation of the videotaped recording of the incident.  It appears that appellant is arguing that the expert’s narration was inadmissible because the expert testified to information that the jury already possessed and could understand without the expert’s assistance. 

A. Standard of Review

We review a trial court's ruling on the admissibility of evidence under an abuse of discretion standard.  
Weatherred v. State
, 15 S.W.3d 540, 542 (Tex. Crim. App. 2000) (citing 
Prystash v. State
, 3 S.W.3d 522, 527 (Tex. Crim. App. 1999)).  Accordingly, we must uphold the trial court's ruling if it was within the zone of reasonable disagreement.  
Id
. (citing 
Montgomery v. State
, 810 S.W.2d 372, 391 (Tex. Crim. App. 1991) (op. on reh’g)).  In addition, we must review the trial court's ruling in light of what was before the trial court at the time the trial court ruled.  
Id
. (citing 
Hoyos v. State
, 982 S.W.2d 419, 422 (Tex. Crim. App. 1998); 
Hardesty v. State
, 667 S.W.2d 130, 133 n.6 (Tex. Crim. App. 1984)).  

B. The Expert’s Testimony

During the State’s case in chief, the State qualified Grant Fredericks as an expert in forensic video analysis and video comparison.  Fredericks testified that he had digitized the surveillance video of the robbery, clarified the video for sound and picture quality, and taken the images from the four surveillance cameras and created individual full screen slide images from each camera and arranged the images chronologically.  The video and the slides were admitted into evidence without objection.  Before the videotape was played for the jury, the State told Fredericks, “please narrate what you observe as an expert when you’re evaluating and clarifying this tape.”  Appellant immediately objected to this line of questioning on the grounds that “the videotape shows what the videotape shows and the jury interprets what they see from the evidence being shown, they’re not to use interpretation for them[,] I’m gonna object on those.”  The trial court overruled appellant’s objection.  Fredericks continued to testify and appellant again objected, stating that he could not see any special nuances that required narration and that “the jury can see what they’re seeing and are not in need of this special narration.”  The trial court overruled the objection and granted appellant a running objection. 

Despite the several objections appellant made to Fredericks’s testimony, on appeal appellant challenges only one of Fredericks’s statements as an improper narration.  Appellant asserts that when Fredericks testified that 

male number two runs into the scene and goes directly to the counter where the money is . . . pulls the money and begins to stuff his pocket with money and continues to do so even after we hear the bang on the video which is consistent with a gunshot . . . . he waves to the gunman . . . consistent with somebody saying come this way,

he exceeded the permissible scope of his testimony as an expert by interpreting the evidence for the jury when it was not necessary.  He cites to no statute, rule, or case authority as the basis for his objection.  The State contends that the expert’s comments qualify as admissible witness testimony either under rule of evidence 702 as technical, scientific, or other specialized knowledge that would assist the fact-finder in deciding the case or, in the alternative, under rule of evidence 701 as lay testimony that is helpful to make a clear understanding of the witness’s testimony or to a determination of a fact in issue.  
See
 
Tex. R. Evid
. 701, 702.

C. Applicable Law 

Initially we note that it is a general rule of evidence that opinion testimony is inadmissible because it is not based upon personal knowledge of the existence of facts capable of being proved by direct evidence.  
Holloway v. State, 
613 S.W.2d 497, 500-01 (Tex. Crim. App. 1981).  Clearly, there is nothing to be gained by permitting a witness to proffer an opinion on a subject when any other person in the courtroom, any member of the jury, could form an opinion on the issue equally readily and with the same degree of logic as the witness.  
Id
.  But when the jurors are not competent to infer, without the aid of greater skill than their own, the probable existence of the facts to be ascertained, or the likelihood of their occurring from other facts actually proved, expert opinion evidence is rendered admissible.  
Id
.

Here, while the jury viewed the videotape, Fredericks testified that appellant waived to the gunman consistent with his saying “come this way.”  However, there is no evidence that Fredericks had any special training in a field that qualified him to offer an expert opinion as to what appellant’s intent was in gesturing to the gunman. 
 And even if Fredericks did have some special training that qualified him to offer an opinion as to what was meant by appellant’s hand gesture, the jury did not need Fredericks’s assistance to determine appellant’s intent.  The jury members viewed the videotape themselves and were as capable as Fredericks in determining what appellant’s intent was in making the gesture.  Therefore, Fredericks’s opinion testimony was of no assistance and was inadmissible as expert or lay testimony.  
See
 
Steve v. State, 
614 S.W.2d 137, 139 (Tex. Crim. App. 1981) (holding lay witness's opinion in capital murder prosecution excludable where evidence existed upon which jury could form its own opinion, thus rendering accomplice witness's opinion not helpful)
; see also K-Mart Corp. v. Honeycutt,
 24 S.W.3d 357, 361 (Tex. 2000) (holding jury did not need any special interpretation of facts by expert to determine whether reasonable for plaintiff to sit on railing because matter was within “average juror's common knowledge.”)
.  We hold that the trial court erred by allowing Fredericks to testify as to what the videotape showed.  

D. Harmless Error

Having found error, we must conduct a harm analysis to determine whether the error calls for reversal of the judgment.  
Tex. R. App. P.
 44.2.  Erroneous admission of evidence is non-constitutional error and must be disregarded unless it effects substantial rights of the defendant.  
Tex. R. App
. P. 44.2(b); 
Johnson v. State
, 967 S.W.2d 410, 417 (Tex. Crim. App. 1998); 
Perez v. State
, 113 S.W.3d 819, 830-31 (Tex. App.—Austin 2003, pet. ref'd).  A substantial right is affected when the error had a substantial and injurious effect or influence in determining the jury’s verdict.  
King v. State
, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997) (citing 
Kotteakos v. United States
, 328 U.S. 750, 776, 66 S. Ct. 1239, 1253 (1946)); 
Coggeshall v. State,
 961 S.W.2d 639, 643 (Tex. App.—Fort Worth 1998, pet. ref’d).  
Substantial rights are not affected by the erroneous admission of evidence if the appellate court, after examining the record as a whole, has fair assurance that the error did not influence the jury, or had but a slight effect.  
Motilla v. State
, 78 S.W.3d 352, 355 (Tex. Crim. App. 2002); 
Johnson,
 967 S.W.2d at 417.

In this case, the jury heard evidence that appellant confessed in writing to planning the robbery that led to the murder of Meraj.  They also heard that appellant obtained the murder weapon and ammunition from his cousin.  The jury viewed the videotape that showed appellant stuffing his pockets with the cash from the store’s register as Meraj was being shot.  
Additionally, in closing argument the State only briefly mentioned Fredericks’s testimony, and the State never referred to Fredericks’s statement that appellant’s 
waving to the gunman was consistent with his saying “come this way.”
  Moreover, because the jury itself saw the videotape, it could still interpret and apply its own meaning to the one gesture to which appellant objected. 

We conclude that, in the context of the entire case against appellant, the trial court’s error in admitting Fredericks’s testimony that appellant’s 
waving to the gunman was consistent with his saying “come this way,”
 
did not have a substantial or injurious effect on the jury’s verdict and did not affect appellant’s substantial rights.  
See King
, 953 S.W.2d at 271.  Thus, we disregard the error and overrule appellant’s second issue.  
See
 
Tex. R. App. P.
 44.2(b).  

V. 
Conclusion

Having overruled both of appellant’s issues, we affirm the trial court’s judgment.

TERRIE LIVINGSTON

JUSTICE

PANEL B: LIVINGSTON, GARDNER, and WALKER, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED: March 30, 2006

FOOTNOTES
1:
See 
Tex. R. App. P.
 47.4.