COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-04-466-CR

 

 

FELIPE JONATHAN GONZALES                                              APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

           FROM
THE 297TH DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

I.  Introduction








Appellant Felipe Jonathan
Gonzales appeals his conviction and life sentence for capital murder.  In his first issue, appellant contends that
the trial court erred by denying his request for an instruction on the
lesser-included offense of felony murder. 
In his second issue, appellant 
complains that the trial court erred by permitting the State=s expert witness to provide a narrative interpretation of the State=s video presentation.  We
affirm.

II.  Background Facts

On October 17, 2002, a
private citizen flagged down a Fort Worth police officer and informed him that
the clerk of a nearby convenience store had been shot.  Officers immediately responded to O'Malley's
Food Store and discovered the cash register open and Nasir Meraj, the store
clerk, lying dead in the back of the store. 
Meraj had been shot multiple times. 

A video surveillance camera
in the store recorded parts of the robbery and showed that three individuals
were involved.  However, police were
unable to identify the suspects depicted on the video.  Later, detectives received a Crime Stoppers
tip identifying appellant as one of the individuals responsible for the robbery
and murder.  Police arrested appellant,
and he subsequently confessed to participating in the robbery.  He also admitted that his brother, Fernando
Gonzales, fired the fatal shots that killed Meraj and admitted that he
(appellant) had grabbed the money and put it into his pockets. 

At trial, the court
instructed the jury on the law of the parties, including the law of
conspiracy.  The jury returned a general
verdict of guilty on the capital murder charge, and the trial court sentenced
appellant to life in prison.  








III.  Lesser-Included Offense Instruction

In his first issue, appellant
claims that the trial court erred by failing to instruct the jury on the lesser‑included
offense of felony murder.  We use
a two-pronged test to determine whether a defendant is entitled to an
instruction on a lesser-included offense. 
Rousseau v. State, 855 S.W.2d 666, 672-73 (Tex. Crim. App.), cert.
denied, 510 U.S. 919 (1993); Royster v. State, 622 S.W.2d 442, 446
(Tex. Crim. App. 1981).  First, the
lesser-included offense must be included within the proof necessary to establish
the offense charged.  Salinas v. State,
163 S.W.3d 734, 741 (Tex. Crim. App. 2005); Rousseau, 855 S.W.2d at
672-73; Royster, 622 S.W.2d at 446. 
Second, some evidence must exist in the record that would permit a jury
to rationally find that if appellant is guilty, he is guilty only of the lesser
offense.  Salinas, 163 S.W.3d at
741; Rousseau, 855 S.W.2d at 672-73; Royster, 622 S.W.2d at 446.








Felony murder is a
lesser-included offense of capital murder. 
Threadgill v. State, 146 S.W.3d 654, 665 (Tex. Crim. App.
2004).  The element distinguishing
capital murder from felony murder is the intent to kill.  Id. 
Felony murder is an unintentional murder committed in the course of
committing a felony.  Tex. Penal Code Ann. ' 19.02(b)(3) (Vernon 2003); Fuentes v. State, 991 S.W.2d 267,
272 (Tex. Crim. App. 1999).  Capital
murder includes an intentional murder committed in the course of robbery.  Tex.
Penal Code Ann. ' 19.03(a)(2)
(Vernon Supp. 2005); Fuentes, 991 S.W.2d at 272.  For a criminal defendant to be entitled to an
instruction on felony murder, there must be some evidence that would permit a
jury rationally to find the defendant intended to commit the robbery but not to
cause the death of the victim.  Threadgill,
146 S.W.3d at 665.  Whether the defendant
intended to kill the victim before the robbery took place is irrelevant; the
issue is whether there is any evidence that the defendant did not intend the
victim=s death when the murder was committed. 
Fuentes, 991 S.W.2d at 272-73.








Appellant contends that there
is ample evidence to support a finding that he did not intend to kill Meraj;
therefore, the jury should have been instructed on the lesser-included offense
of felony murder.  As support for this
contention, appellant points to his written statement to the police in which he
admits to planning the robbery.  However,
this is not affirmative evidence that shows that appellant had no intent to
kill Meraj.  See Threadgill, 146
S.W.3d at 665 (holding evidence of one objective does not foreclose finding of
additional objective).  Moreover, the
evidence also shows that appellant obtained the murder weapon, entered the store
to provide surveillance, grabbed the money from the store counter, watched as
Fernando marched Meraj to the back of the store at gunpoint, and showed no
surprise or negative reaction to the shooting. 
We conclude there is no evidence upon which a jury could rationally have
found that appellant did not intend Meraj=s death at the time the murder occurred.  Accordingly, appellant was not entitled to a
charge on the lesser-included offense of felony murder.  See id.  Therefore, we overrule appellant=s first issue.

IV. Narration of Video

In his second issue,
appellant argues that the trial court abused its discretion by permitting an
expert witness to provide a narrative interpretation of the videotaped
recording of the incident.  It appears
that appellant is arguing that the expert=s narration was inadmissible because the expert testified to
information that the jury already possessed and could understand without the
expert=s assistance. 

A. Standard of Review








We review a trial court's
ruling on the admissibility of evidence under an abuse of discretion
standard.  Weatherred v. State, 15
S.W.3d 540, 542 (Tex. Crim. App. 2000) (citing Prystash v. State, 3
S.W.3d 522, 527 (Tex. Crim. App. 1999)). 
Accordingly, we must uphold the trial court's ruling if it was within
the zone of reasonable disagreement.  Id.
(citing Montgomery v. State, 810 S.W.2d 372, 391 (Tex. Crim. App. 1991)
(op. on reh=g)).  In addition, we must review the trial court's
ruling in light of what was before the trial court at the time the trial court
ruled.  Id. (citing Hoyos v.
State, 982 S.W.2d 419, 422 (Tex. Crim. App. 1998); Hardesty v. State,
667 S.W.2d 130, 133 n.6 (Tex. Crim. App. 1984)).  

B. The Expert=s Testimony

During the State=s
case in chief, the State qualified Grant Fredericks as an expert in forensic
video analysis and video comparison. 
Fredericks testified that he had digitized the surveillance video of the
robbery, clarified the video for sound and picture quality, and taken the
images from the four surveillance cameras and created individual full screen
slide images from each camera and arranged the images chronologically.  The video and the slides were admitted into
evidence without objection.  Before the
videotape was played for the jury, the State told Fredericks, Aplease
narrate what you observe as an expert when you=re
evaluating and clarifying this tape.@  Appellant immediately objected to this line
of questioning on the grounds that Athe videotape shows what the
videotape shows and the jury interprets what they see from the evidence being
shown, they=re
not to use interpretation for them[,] I=m gonna object on those.@  The trial court overruled appellant=s
objection.  Fredericks continued to
testify and appellant again objected, stating that he could not see any special
nuances that required narration and that Athe jury can see what they=re
seeing and are not in need of this special narration.@  The trial court overruled the objection and
granted appellant a running objection. 








Despite the several
objections appellant made to Fredericks=s testimony, on appeal appellant challenges only one of Fredericks=s statements as an improper narration. 
Appellant asserts that when Fredericks testified that 

male
number two runs into the scene and goes directly to the counter where the money
is . . . pulls the money and begins to stuff his pocket with money and
continues to do so even after we hear the bang on the video which is consistent
with a gunshot . . . . he waves to the gunman . . . consistent with somebody
saying come this way,

 

he exceeded the permissible scope of his
testimony as an expert by interpreting the evidence for the jury when it was
not necessary.  He cites to no statute,
rule, or case authority as the basis for his objection.  The State contends that the expert=s comments qualify as admissible witness testimony either under rule
of evidence 702 as technical, scientific, or other specialized knowledge that
would assist the fact-finder in deciding the case or, in the alternative, under
rule of evidence 701 as lay testimony that is helpful to make a clear
understanding of the witness=s testimony or to a determination of a fact in issue.  See Tex.
R. Evid. 701, 702.

C. Applicable Law 








Initially we note that it is
a general rule of evidence that opinion testimony is inadmissible because it is
not based upon personal knowledge of the existence of facts capable of being
proved by direct evidence.  Holloway
v. State, 613 S.W.2d 497, 500-01 (Tex. Crim. App. 1981).  Clearly, there is nothing to be gained by
permitting a witness to proffer an opinion on a subject when any other person
in the courtroom, any member of the jury, could form an opinion on the issue
equally readily and with the same degree of logic as the witness.  Id. 
But when the jurors are not competent to infer, without the aid of
greater skill than their own, the probable existence of the facts to be
ascertained, or the likelihood of their occurring from other facts actually proved,
expert opinion evidence is rendered admissible. 
Id.








Here, while the jury viewed
the videotape, Fredericks testified that appellant waived to the gunman
consistent with his saying Acome this way.@  However, there is no evidence that Fredericks
had any special training in a field that qualified him to offer an expert
opinion as to what appellant=s intent was in gesturing to the gunman.  And even if Fredericks did have some special
training that qualified him to offer an opinion as to what was meant by
appellant=s hand
gesture, the jury did not need Fredericks=s assistance to determine appellant=s intent.  The jury members
viewed the videotape themselves and were as capable as Fredericks in
determining what appellant=s intent was in making the gesture. 
Therefore, Fredericks=s opinion testimony was of no assistance and was inadmissible as
expert or lay testimony.  See Steve
v. State, 614 S.W.2d 137, 139 (Tex. Crim. App. 1981) (holding lay witness's
opinion in capital murder prosecution excludable where evidence existed upon
which jury could form its own opinion, thus rendering accomplice witness's
opinion not helpful); see also K‑Mart Corp. v. Honeycutt, 24
S.W.3d 357, 361 (Tex. 2000) (holding jury did not need any special
interpretation of facts by expert to determine whether reasonable for plaintiff
to sit on railing because matter was within Aaverage juror's common knowledge.@).  We hold that the trial court
erred by allowing Fredericks to testify as to what the videotape showed.  

D. Harmless Error








Having found error, we must
conduct a harm analysis to determine whether the error calls for reversal of
the judgment.  Tex. R. App. P. 44.2. 
Erroneous admission of evidence is non‑constitutional error and
must be disregarded unless it effects substantial rights of the defendant.  Tex.
R. App. P. 44.2(b); Johnson v. State, 967 S.W.2d 410, 417 (Tex.
Crim. App. 1998); Perez v. State, 113 S.W.3d 819, 830‑31 (Tex.
App.CAustin 2003, pet. ref'd).  A
substantial right is affected when the error had a substantial and injurious
effect or influence in determining the jury=s verdict.  King v. State,
953 S.W.2d 266, 271 (Tex. Crim. App. 1997) (citing Kotteakos v. United
States, 328 U.S. 750, 776, 66 S. Ct. 1239, 1253 (1946)); Coggeshall v.
State, 961 S.W.2d 639, 643 (Tex. App.CFort Worth 1998, pet. ref=d).  Substantial rights are not
affected by the erroneous admission of evidence if the appellate court, after
examining the record as a whole, has fair assurance that the error did not
influence the jury, or had but a slight effect. 
Motilla v. State, 78 S.W.3d 352, 355 (Tex. Crim. App. 2002); Johnson,
967 S.W.2d at 417.

In this case, the jury heard
evidence that appellant confessed in writing to planning the robbery that led
to the murder of Meraj.  They also heard
that appellant obtained the murder weapon and ammunition from his cousin.  The jury viewed the videotape that showed
appellant stuffing his pockets with the cash from the store=s register as Meraj was being shot. 
Additionally, in closing argument the State only briefly mentioned
Fredericks=s testimony,
and the State never referred to Fredericks=s statement that appellant=s waving to the gunman was consistent with his saying Acome this way.@  Moreover, because the jury itself saw the
videotape, it could still interpret and apply its own meaning to the one
gesture to which appellant objected. 

We conclude that, in the
context of the entire case against appellant, the trial court=s error in admitting Fredericks=s testimony that appellant=s waving to the gunman was consistent with his saying Acome this way,@ did not
have a substantial or injurious effect on the jury=s verdict and did not affect appellant=s substantial rights.  See
King, 953 S.W.2d at 271.  Thus, we
disregard the error and overrule appellant=s second issue.  See Tex. R. App. P. 44.2(b).  








V. Conclusion

Having overruled both of
appellant=s issues, we
affirm the trial court=s judgment.

 

 

 

TERRIE LIVINGSTON

JUSTICE

 

PANEL B:   LIVINGSTON, GARDNER, and WALKER, JJ.

 

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:
March 30, 2006











[1]See Tex. R. App. P. 47.4.