**Charles Boyce COGGESHALL, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

Nos. 2–96–599–CR, 2–96–600–CR, 2–96–601–CR.

Court of Appeals of Texas, Fort Worth.

Jan. 15, 1998.

Cindy Stormer, Gainesville, J. Rex Barnett, Douglas T. Emerson, Fort Worth, for appellant.

Tim Curry, Criminal District Attorney, Charles M. Mallin, Tanya S. Dohoney,

Christy Jack, Assistant Criminal District Attorney, Fort Worth, for appellee.

**OPINION**

LIVINGSTON, Justice.

Appellant Charles Coggeshall, Jr. appeals three cases in which he pled guilty to one count of aggravated sexual assault of a child and two counts of indecency with a child. A jury heard argument on punishment and assessed sentences of life, twenty years, and twenty years, respectively. Appellant claims the trial court erred in: (1) failing to sustain appellant's objection to the State's closing argument reference to claims that his victim hid under a desk at school and at home because the evidence was not within the record; and (2) determining that the State's use of peremptory challenges to strike two of the four African–American jurors on the panel did not present a prima facie case for error under *Batson v. Kentucky,* 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986).

**I. IMPROPER JURY ARGUMENT CLAIM**

**A. Background Facts**

Appellant first complains that the trial court committed reversible error when it denied his motion for a mistrial and failed to sustain his objections after the prosecutor made three improper references to evidence not in the record. The State argues that, even if error occurred, the error is harmless.

During the trial on punishment, appellant took the stand and the prosecutor cross-examined him about his crimes and his relationship with the victims, one of whom was his stepdaughter, C.C. While cross-examining appellant about his stepdaughter's problems at school, the following exchange occurred:

[PROSECUTOR]: **Did you know she was hiding under her desk?**

[APPELLANT]: No.

[APPELLANT'S ATTORNEY]: Your Honor, I am going to object that the questions are based on facts not in evidence.

[THE COURT]: Sustained. [Emphasis added]

Later, during closing arguments, the prosecutor again alluded to the victim hiding under her desk at school:

[PROSECUTOR]: All he is asking in return for their body is the peace that they have at night, the nightmares that they have, **the hiding under the desk,** the emotional and behavioral problems that [C.C.] has.

Ladies and Gentlemen, that is too high a price to pay. That is too high a price for any child to pay even once, and it is offensive to claim otherwise, to claim that in return for food, clothes, and shelter, they should submit to his hands.

[APPELLANT'S ATTORNEY]: Objection, Your Honor, that is a misstatement of the evidence. That's a misstatement of the argument of Counsel.

[THE COURT]: Overruled. [Emphasis added]

Several minutes later, the following exchange occurred:

[PROSECUTOR]: Ladies and Gentlemen, he's been given plenty of chances. He is an habitual offender. He is an opportunist pedaphyle [sic] who will prey upon these children if he is ever given another opportunity. He needs to be punished, and he needs to be punished severely. **Why do you think [C.C.] was hiding under the desk at home?**

[APPELLANT'S ATTORNEY]: Objection, outside the record. There has been no evidence of that.

[PROSECUTOR]: I will rephrase that, Judge.

[THE COURT]: Sustained.

[APPELLANT'S ATTORNEY]: Motion to disregard.

[THE COURT]: Yes. You will disregard. There was no evidence about that.

[APPELLANT'S ATTORNEY]: Motion for mistrial.

[THE COURT]: Overruled.
Go ahead.

[PROSECUTOR]: **Why do you think she was hiding under the desk at school?**

[APPELLANT'S ATTORNEY]: Objection, Your Honor, once again, outside the record.

[THE COURT]: That's overruled. [Emphasis added].

## B. Discussion

■ The purpose of closing argument is to facilitate the jury's proper analysis of the evidence presented at trial so that it may arrive at a just and reasonable conclusion based on the admitted evidence alone. *See Campbell v. State,* 610 S.W.2d 754, 756 (Tex. Crim.App. [Panel Op.] 1980); *Taylor v. State,* 911 S.W.2d 906, 911 (Tex.App.—Fort Worth 1995, pet. ref'd). To be permissible, jury argument must fall within one of the following four general areas: (1) summation of the evidence; (2) reasonable deduction from the evidence; (3) answer to opposing counsel's argument; or (4) plea for law enforcement. *See Felder v. State,* 848 S.W.2d 85, 94–95 (Tex.Crim.App.1992), *cert. denied,* 510 U.S. 829, 114 S.Ct. 95, 126 L.Ed.2d 62 (1993); *Alejandro v. State,* 493 S.W.2d 230, 231 (Tex. Crim.App.1973).

Here, the prosecutor referred four separate times to a fact that was never established by the evidence, namely that the victim had resorted to hiding under her desk at school. The State does not contest that this fact was outside the record, nor does it explain the basis upon which the prosecutor believed it to have occurred. The record reflects that appellant's attorney objected each time the prosecutor brought up this fact. *See Cockrell v. State,* 933 S.W.2d 73, 89 (Tex.Crim.App.1996) (holding objection is necessary to preserve error for all improper jury arguments). The trial court sustained

the first objection, overruled the second objection, sustained the third objection, and overruled the fourth objection. This sequence of events requires some explanation and analysis to determine if the trial court erred.

■ The trial court properly sustained appellant's first objection to the prosecution's use of the fact at issue. The problems arose with appellant's second objection. This second objection came during closing arguments and was not as specific or timely as it could have been.[1] It appears the trial court was unsure of the basis for the second objection and overruled it without eliciting further discussion of its nature or merits. Thereafter, the prosecutor apparently concluded the evidence was fair game and alluded to the fact several minutes later.[2] Appellant promptly made a third objection to the comment and the trial court immediately sustained the objection, and instructed the jury to disregard the fact. Appellant's motion for a mistrial was denied. Immediately after the court denied the motion for mistrial, the prosecution repeated the same phrase, exchanging the word "house" for "school." Appellant again objected but the court overruled the objection. From these facts, we find the trial court committed error in overruling appellant's second and last objection to the prosecutor's improper reference to a fact not in evidence.

Thus, we must analyze whether failure to sustain appellant's objections to the improper arguments amounts to reversible error. *See Orona v. State,* 791 S.W.2d 125, 128 (Tex. Crim.App.1990); *Faulkner v. State,* 940 S.W.2d 308, 313 (Tex.App.—Fort Worth 1997, pet. ref'd) (en banc op. on reh'g). Under Texas Rule of Appellate Procedure 44.2(a) and (b),[3] we must determine whether

1. The State suggests in a footnote of its brief that Coggeshall's second objection was untimely and, as a result, any subsequent error was cured. We have reviewed the State's contention and find that the objection, although late, was adequate and the error was not waived. Defense counsel repeatedly objected to these arguments.

2. The prosecutor alluded to the victim hiding under her desk at home instead of at school. It is unclear whether this discrepancy caused the

resulting confusion or was not a factor in the court's rulings.

3. We are applying new Rule 44.2(a) and (b) in our analysis of this error for two reasons. First, the Court of Criminal Appeals, in its Final Approval of Revisions to the Texas Rules of Appellate Procedure, wrote:

These amended rules take effect September 1, 1997. Unless this order provides otherwise, they shall govern all proceedings ... thereafter

the error is constitutional or one that could have affected the appellant's substantial rights.[4] TEX.R.APP.P. 44.2(a)–(b). If the error is constitutional, we must apply Rule 44.2(a). Otherwise, we must apply Rule 44.2(b) and disregard the error if it does not affect the appellant's substantial rights.

■■■ We first ask whether prosecutorial misstatements of the evidence normally amount to "constitutional error." Case law interpreting Federal Rule of Criminal Procedure 52[5] is instructive in this instance. Our review of federal case law reveals that appellate courts have consistently held that improper prosecutorial comments and misstatements are not constitutional in nature but can affect a defendant's substantial rights. *See, e.g., United States v. Apodaca,* 666 F.2d 89, 97 (5th Cir.), *cert. denied,* 459 U.S. 823, 103 S.Ct. 53, 74 L.Ed.2d 58 (1982); *United States v. Martinez,* 616 F.2d 185, 187 (5th Cir.1980), *cert. denied,* 450 U.S. 994, 101 S.Ct. 1694, 68 L.Ed.2d 193 (1981); *United States v. Steinkoenig,* 487 F.2d 225, 229 (5th Cir.1973); *Vaccaro v. United States,* 461 F.2d 626, 634–36 (5th Cir.1972).

Having found no constitutional error, Rule 44.2(a) is inapplicable. Therefore, we are to disregard the error unless a substantial right is affected. Rule 44.2(b). "A substantial right is affected when the error had a substantial and injurious effect or influence in determining the jury's verdict." *King v. State,* 953 S.W.2d 266, 271 (Tex.Crim.App. 1997).

■■■ We conclude that the trial court's error did not affect appellant's substantial rights. First, appellant pled guilty, took the stand, and admitted his crimes. Second, the State presented ample evidence and straightforward testimony from his victims and appellant himself that he: (1) repeatedly fondled, sodomized, and performed oral sex with his pre-teen stepdaughter for a period of approximately three to four years; (2) repeatedly fondled his five-year-old son; and (3) fondled his neighbor's five-year-old daughter. This evidence more than overshadows the error the trial court made in allowing the prosecutor to incorrectly summarize the evidence presented about C.C.'s emotional state after suffering appellant's abuse. Whether C.C. hid under a desk at school is trivial and not particularly germane in light of the overwhelming evidence of appellant's guilt. We must disregard the error pursuant to Rule 44.2(b) and overrule appellant's first point of error.

## II. BATSON VIOLATION CLAIM

### A. Background Facts

Appellant next argues that the trial court erred in finding that the prosecution's use of

---

brought and in all such proceedings then pending, except to the extent that in the opinion of the court their application in a particular proceeding then pending would not be feasible or would work injustice, in which case the former procedure may be followed.

*See* Final Approval of Revisions to the Texas Rules of Appellate Procedure, Texas Court of Criminal Appeals, signed August 19, 1997.

Second, even if we applied former Rule 81(b)(2), we would still have found the error to be harmless. *See* Tex.R.App. P. 81(b)(2), 49 Tex. B.J. 448–50 (Tex.Crim.App.1986, revised 1997); *Harris v. State,* 790 S.W.2d 568, 587 (Tex.Crim. App.1989).

4. New Rule 44.2(a)–(b) reads:

(a) *Constitutional error.* If the appellate record in a criminal case reveals constitutional error that is subject to harmless error review, the court of appeals must reverse a judgment of conviction or punishment unless the court determines beyond a reasonable doubt that the error did not contribute to the conviction or punishment.

(b) *Other errors.* Any other error, defect, irregularity, or variance that does not affect substantial rights must be disregarded.

Tex.R.App. P. 44.2(a)–(b).

Rule 44.2(a) is basically former Rule 81(b)(2) "amended to limit its standard of review to constitutional errors that are subject to harmless error review." Tex.R.App. P. 44, notes and cmts. Rule 44.2(b) is "new and is taken from Federal Rule of Criminal Procedure 52(a) without substantive change." *See id.*

5. Federal Rule of Criminal Procedure 52, entitled "Harmless Error and Plain Error," reads:

(a) Harmless Error. Any error, defect, irregularity or variance which does not affect substantial rights shall be disregarded.

(b) Plain Error. Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court.

FED. R. CRIM. PROC. 52.

peremptory strikes against two of the four African-American jurors on the panel did not present a prima facie case for *Batson* error. The State claims that appellant: (1) waived his complaint by pleading guilty; (2) failed to preserve his complaint because he did not obtain an adverse ruling; and (3) failed to present a prima facie showing of *Batson* error.

After voir dire, the following exchange took place:

[APPELLANT'S ATTORNEY]: The State struck Jurors Thirty–One and Thirty–Two, Johnson and Davis, who are minority members of the panel. At this point we ask the State for their race neutral reasons for the strikes.

[THE COURT]: I know there is one African–American juror on the Jury.

[PROSECUTOR]: Two.

[THE COURT]: There are two. I can't see that well. There are two over there. I don't find you made a prima facie case, unless there is something further you want to add.

[APPELLANT'S ATTORNEY]: There were four black members of the panel within striking range. The State struck two of these. That's like fifty percent of the eligible members. I feel it's sufficient to make a prima facie showing.

## B.  Discussion

■ We first find that appellant: (1) did not waive his point of error by pleading guilty; and (2) has sufficiently preserved error for appeal. The State urges us to apply the rule in *Helms v. State,* 484 S.W.2d 925 (Tex.Crim.App.1972) that a guilty plea waives all non-jurisdictional defects that occurred before the entry of the guilty plea. *Helms,* 484 S.W.2d at 927. This court has specifically declined to extend the *Helms* waiver rule to jury selection issues. See *Post v. State,* 936 S.W.2d 343, 348–49 (Tex.App.—Fort Worth 1996, pets. ref'd). We abide by our ruling in *Post.* We also find that appellant preserved error. The trial court's statements, "[I] don't find you made a prima facie, case," "[I] disagree," and "[t]hat's not required" are sufficient to show appellant ob-

tained an adverse ruling on his motion and preserved error for appeal.

■ Looking to the merits of appellant's *Batson* motion, we find that the trial court did not err in concluding appellant failed to present a prima facie violation of the rule in *Batson v. Kentucky,* 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). In *Batson,* the Supreme Court held that purposeful or deliberate denial of jury participation to black persons solely on the basis of race violates the defendant's Equal Protection rights. *Id.* at 89, 106 S.Ct. at 1719, 90 L.Ed.2d at 83. The Court of Criminal Appeals set forth the proper *Batson* procedure for the trial court to follow:

If the defendant raises an inference of purposeful discrimination through the State's use of its peremptory strikes, and the trial court determines that a prima facie case of discrimination exists, then the burden shifts to the prosecutor who must come forward with a neutral explanation for the challenges. The trial court must then determine whether despite the State's explanation, the defendant has established purposeful discrimination.

*Tennard v. State,* 802 S.W.2d 678, 680 (Tex. Crim.App.1990) (*quoting Keeton v. State,* 724 S.W.2d 58, 65 (Tex.Crim.App.1987)).

■ Here, the trial court found that appellant failed to present a prima facie case of discrimination. The Court of Criminal Appeals defines a prima facie case as "the minimum quantum of evidence necessary to support a rational inference that the allegation of fact is true." *See id.* at 681 (*quoting Tompkins v. State,* 774 S.W.2d 195, 201 (Tex. Crim.App.1987), *aff'd,* 490 U.S. 754, 109 S.Ct. 2180, 104 L.Ed.2d 834 (1989)). In establishing a prima facie case, a defendant must show that the facts and circumstances raise an inference that race was the motivating factor for the strikes. *See Salazar v. State,* 795 S.W.2d 187, 194 (Tex.Crim.App.1990) (McCormick, J., dissenting). We review the trial court's determination under a "clearly erroneous" standard. *Tennard,* 802 S.W.2d at 680.

In *Staley v. State,* 887 S.W.2d 885 (Tex. Crim.App.1994), the Court of Criminal Ap-

peals held that a defendant's blanket assertion that the State struck a member of an identifiable racial group does not satisfy the *Batson* prima facie showing requirement. *Id.* at 890–91. Here, appellant based his motion solely on the fact that the State struck two of the four African–American jurors on the panel. The trial court gave appellant an opportunity to present some evidence of racial motivation; none was presented. We find the rule in *Staley* is applicable and hold that the trial court's determination that appellant failed to present a prima facie *Batson* showing was not clearly erroneous. We overrule appellant's second point of error.

### III.   CONCLUSION

Having overruled both of appellant's points of error, we affirm the judgment.