David Walter HUGHES, Appellant,

v.

The STATE of Texas, State.

No. 2–97–425–CR.

Court of Appeals of Texas,
Fort Worth.

Feb. 10, 2000.

Mark B. Dewitt, Granbury, for Appellant.

Richard Hattox, Dist. Atty., Granbury, for State.

PANEL B: DAY, RICHARDS, and HOLMAN, JJ.

## OPINION ON REMAND

DIXON W. HOLMAN, Justice.

This is an indecency with a child by contact case. On original submission, we held that the State properly impeached its own witness with a prior inconsistent statement under rule 607. *See Hughes v. State*, No. 2–97–425–CR (Tex.App.—Fort Worth Mar. 12, 1998) (not designated for publication). The Court of Criminal Appeals reversed and held that the prior inconsistent statement's probative value was substantially outweighed by its prejudicial effect; therefore, the statement should have been excluded under rule 403. *See Hughes v. State*, 4 S.W.3d 1, 24 (Tex. Crim.App.1999). The Court of Criminal

Appeals remanded the case to this court to conduct a harm analysis. After reviewing the entire record, we hold that the error did not affect a substantial right of Appellant. We affirm.

## BACKGROUND

The State called L.A.P.'s mother, Katherine Parris, as a hostile witness to testify against Appellant. Parris had been charged for the offense of failure to report the abuse. The State was willing to give Parris use immunity for her testimony in the present case against Appellant. The trial court agreed.

The State asked Parris if she had told two Child Protective Service (CPS) workers that Appellant confessed to sexually abusing L.A.P. when Parris confronted him about the abuse. Parris admitted to meeting with the CPS workers, but denied making any statement inculpating Appellant. The State then called one of the CPS workers to impeach Parris's testimony with a prior inconsistent statement that Appellant had confessed after being confronted about the abuse.

Defense counsel objected to the testimony on the basis that it was improper impeachment, intended to elicit inadmissible hearsay, and violative of rule 403. The trial court overruled Appellant's objections and admitted the CPS worker's testimony for impeachment only. The trial judge instructed the jury that it could consider Parris's prior inconsistent statements only to determine her credibility and not to determine Appellant's guilt.

## HARM ANALYSIS

Under Texas Rule of Appellate Procedure 44.2, we must determine whether the error is constitutional. *See* TEX. R.APP. P. 44.2. If so, we must apply rule 44.2(a) and reverse unless we determine beyond a reasonable doubt that the error did not contribute to Appellant's conviction or punishment. *See* TEX.R.APP. P. 44.2(a). Otherwise, we apply rule 44.2(b) and disregard the error if it does not affect Appel-

lant's substantial rights. *See* Tex.R.App. P. 44.2(b); *Mosley v. State,* 983 S.W.2d 249, 259 (Tex.Crim.App.1998) (op. on reh'g), *cert. denied,* —— U.S. ——, 119 S.Ct. 1466, 143 L.Ed.2d 550 (1999); *Coggeshall v. State,* 961 S.W.2d 639, 642–43 (Tex.App.—Fort Worth 1998, pet. ref'd) (en banc).

■ Because the error before us is not constitutional, rule 44.2(a) is inapplicable, so we are to disregard the error unless it affected Appellant's substantial rights. *See* Tex.R.App. P. 44.2(b). A substantial right is affected when the error had a substantial and injurious effect or influence on the jury's verdict. *See King v. State,* 953 S.W.2d 266, 271 (Tex.Crim.App. 1997) (citing *Kotteakos v. United States,* 328 U.S. 750, 776, 66 S.Ct. 1239, 1253, 90 L.Ed. 1557 (1946)); *Coggeshall,* 961 S.W.2d at 643.

■ Rule 44.2(b) is virtually identical to rule 52(a) of the Federal Rules of Criminal Procedure,[1] and we look to federal caselaw for guidance in applying this rule. *See Mosley v. State,* 983 S.W.2d at 259; *Coggeshall,* 961 S.W.2d at 642–43; *Umoja v. State,* 965 S.W.2d 3, 11 (Tex.App.—Fort Worth 1998, no pet.) (op. on reh'g). Accordingly, we review the record as a whole to determine whether the error had a substantial influence on the jury's verdict. *See Mosley,* 983 S.W.2d at 260; *see also United States v. Blake,* 107 F.3d 651, 653 (8th Cir.1997); *United States v. Wilson,* 107 F.3d 774, 785–86 (10th Cir.1997).

In *Umoja,* we held that improperly admitted evidence that the defendant struck the victim before the date of the current offense did not affect the appellant's substantial rights because of an abundance of other evidence regarding his guilt. *Umoja,* 965 S.W.2d at 12. In this case, there is other evidence of Appellant's guilt through the testimony and video taped interview of L.A.P. She stated in the video taped interview that Appellant came into her room naked, fondled her, and rubbed against her

on numerous occasions. The interview was conducted by Curlee, a qualified CPS caseworker who testified that she admonished the child about the need for truthfulness. L.A.P. also testified during trial that Appellant touched her where he was not supposed to. A lock was put on L.A.P.'s bedroom door to keep Appellant out, but he kicked the door in breaking the lock. L.A.P.'s sister slept in L.A.P.'s bed to protect L.A.P., although Appellant would pick L.A.P.'s sister up and place her on the floor or in her own bed so he could get in bed with L.A.P.

## CONCLUSION

After reviewing the entire record, we cannot say that the CPS worker's testimony had a substantial and injurious effect or influence on the jury's verdict. *See King,* 953 S.W.2d at 271. Because there was sufficient evidence, other than the improper impeachment testimony, that the jury could have considered in reaching its determination of Appellant's guilt, we conclude that the error did not affect a substantial right of Appellant. *See* Tex.R.App. P. 44.2(b). We affirm the jury's verdict.

---

1. Rule 52(a) states: "Any error, defect, irregularity or variance which does not affect sub- stantial rights shall be disregarded." Fed. R.Crim.P. 52(a).