COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NOS. 2-02-501-CR
2-02-502-CR
2-02-503-CR
 
  
NAVORRIS DIONNE SMALL                                                    APPELLANT
  
V.
  
THE STATE OF TEXAS                                                                  STATE
  
------------
 
FROM CRIMINAL DISTRICT COURT 
NO. 1 OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        Appellant 
Navorris Dionne Small appeals from his convictions for aggravated robbery and 
possession of a controlled substance. In a single point on appeal, appellant 
complains about the following jury argument by the State:
  
[PROSECUTOR]: 
She [appellant’s counsel] wants to talk about fingerprints. Did she bring you 
anybody to refute what Teague talked about?
 
[DEFENSE 
COUNSEL]: Objection, burden of proof is not on the defendant. . . .
 
. 
. . .
 
[PROSECUTOR]: 
Anybody to come in here and refute that? You know, I talked to you in voir dire 
about subpeona power and all that. We would have loved to hear from these 
people. We could have brought you everybody in the Starbucks Restaurant that 
night. She had ample opportunity. We’d be here until next week. We brought you 
pieces to a puzzle.

  
        Since 
appellant objected and received a ruling, he preserved this issue for review. See 
Tex. R. App. P. 33.1; Cockrell 
v. State, 933 S.W.2d 73, 89 (Tex. Crim. App. 1996), cert. denied, 520 
U.S. 1173 (1997); Coggeshall v. State, 961 S.W.2d 639, 642 (Tex. 
App.—Fort Worth 1998, pet. ref’d). Under case law, the State may “comment 
on an accused’s failure to produce testimony from sources other than himself 
when it is relevant to a disputed issue.” See Harris v. State, Nos. 
2-02-409-CR, 2-02-410-CR, 2003 WL 22725590, at *8 (Tex. App.—Fort Worth Nov. 
20, 2003, pet. filed). Additionally, the State may comment on the defendant’s 
subpoena power “if it refers to the defendant’s failure to produce evidence 
from other sources.” Id. Therefore, we conclude and hold that this 
argument is permissible. We overrule appellant’s point and affirm the trial 
court’s judgment.
  
 
                                                                           PER 
CURIAM
  

PANEL F:   LIVINGSTON, 
HOLMAN, and GARDNER, JJ.
DO NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: January 22, 2004
 

 
NOTES
1. See 
Tex. R. App. P. 47.4.