COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-04-553-CR

 

 

ALBERT TILLINGHAST, III                                                     APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

            FROM
THE 367TH DISTRICT COURT OF DENTON COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------








Appellant Albert Tillinghast,
III, appeals his coviction for felony driving while intoxicated (DWI).  After a jury convicted Appellant of felony
DWI, and Appellant plead true to the enhancement paragraph that alleged a
previous felony DWI conviction, the jury assessed a sentence of eighteen years= confinement.  The trial court
sentenced Appellant accordingly.  In two
points, Appellant complains that the trial court committed reversible error by
failing to grant a motion for continuance after a juror became disabled and by
allowing testimony of the interpretation of the Horizontal Gaze Nystagus (HGN)
test without establishing proper compliance with the National Highway Traffic
and Safety Administration (NHTSA) standards. 
We affirm.

BACKGROUND

On November 1, 2003, police
arrested Appellant for DWI in Lewisville, Texas.  At approximately 3:30 p.m., Appellant
collided with a car driven by former police officer Eric Forsythe, but
Appellant did not stop his car following the collision.  Forsythe followed Appellant=s car, called 911 on his cell phone, and spoke with a dispatcher
throughout the pursuit.  As Forsythe
followed Appellant, he noticed that Appellant failed to maintain a single lane
of traffic, drove at varying speeds, turned into an oncoming lane of traffic,
and struck the median on three occasions. 
At one point, when their cars were stopped next to each other, Forsythe
requested that Appellant stop his vehicle because he had been in an accident,
but Appellant continued driving. 
Forsythe estimated that he followed Appellant for about four or five
miles, or five to ten minutes, before Appellant stopped in the driveway of a
house.  Police dispatched officers to the
scene at approximately 4:06 p.m., and Forsythe remained at that location until
a police officer arrived to take his statement.








Police Officer Schnequa McGee
subsequently arrived at the house and completed an accident report.  At 4:17 p.m., Officer Nadia Ebeid arrived at
the scene to assist Officer McGee.  Both
officers testified that Appellant had a disheveled appearance and that his eyes
were red and glassy.  The officers also
testified that they had seen two empty beer cans in Appellant=s car.  Appellant admitted to
both officers that he had been drinking. 
He also admitted to Officer Ebeid that he had smoked marijuana.

Officer Ebeid performed
several field sobriety tests on Appellant, including the HGN test, the one-leg
stand test, the walk-and-turn test, and the alphabet test.  Based on her observations, Officer Ebeid
determined that Appellant was intoxicated and arrested him for DWI.








At trial, Appellant testified
that he began drinking the morning of November 1, 2003 around 8:00 a.m. and
consumed four beers within thirty or forty minutes.  Appellant and his friend, Aaron Beartrack,
left the house at approximately 11:30 a.m. to go work on a van in Sanger,
Texas, but Appellant had car trouble on the way and stopped at the Race Track
gas station in Lewisville, Texas, because the car=s engine overheated. 
Eventually, Appellant was able to start the car, so he decided to take
the car to the house of a friend, Pete Soliz, just a few miles away.  Appellant testified that his car did not
strike Forsythe=s car and
that Forsythe=s car had
actually struck his car.  Appellant also
testified that he was not drunk when driving the car to Soliz=s house, but he was intoxicated by the time officers arrived at the
house because he had consumed two beers and smoked marijuana in the
interim.  Appellant further explained
that he may have appeared to be driving erratically because he was unable to
shift gears and because he had to jerk the steering wheel in order to slosh
around the transmission fluid.

MOTION FOR CONTINUANCE








In his first point, Appellant
complains that the trial court improperly denied his motion for
continuance.  During the course of trial,
the court determined that one of the jurors, a woman who was eleven weeks
pregnant, became disabled and was no longer able to sit on the jury when she
complained that she woke up in the middle of the night with severe cramping,
the cramping had not subsided, and she needed to see her physician
immediately.  The court informed the
parties of its intention to continue with eleven jurors.  Appellant made an oral request for a
continuance for one day to determine whether the juror would be able to return
to serve on the jury the following day, but the trial court denied his
request.  Appellant complains that
proceeding with eleven jurors lessened the State=s burden of proof by only requiring the State to convince eleven
jurors of guilt.  Appellant conceded on
appeal that the court had authority to proceed with eleven jurors under article
36.29 of the code of criminal procedure. 
Nonetheless, Appellant contends that the trial court abused its
discretion by not allowing the continuance for one day because the request for
the continuance was reasonable.

A motion for continuance must
be written and sworn.  Tex. Code Crim. Proc. Ann. arts.
29.03, 29.08 (Vernon 1989).  A motion for continuance not in writing and
not sworn preserves nothing for review.  Dewberry
v. State, 4 S.W.3d 735, 755 (Tex. Crim. App. 1999), cert. denied, 529
U.S. 1131 (2000).  Accordingly, because
the record does not contain a written motion for continuance as required by the
code of criminal procedure, Appellant did not preserve his contention.  We overrule Appellant=s first point.

HGN TEST








In his second point,
Appellant complains that the trial court improperly admitted the officer=s testimony regarding the interpretation of the HGN test that was
administered to Appellant.  Police
arrested Appellant for DWI following the administration of several field sobriety
tests, including the HGN test, the one-leg stand test, the walk-and-turn test,
and the alphabet test.  According to
Officer Ebeid, Appellant had lost the normal use of his physical faculties
based upon his inability to perform the field sobriety tests.  Officer Ebeid testified that she had obtained
specific training relating to DWI cases, including training at the regional
police academy for conducting sobriety tests as performed by the NHTSA.

We review a trial court's
ruling to admit or exclude evidence under an abuse of discretion standard.  Rankin v. State, 974 S.W.2d 707, 718
(Tex. Crim. App. 1996) (op. on reh'g); Montgomery v. State, 810 S.W.2d
372, 391 (Tex. Crim. App. 1991) (op. on reh'g). 
If the court's decision falls outside the Azone of reasonable disagreement,@ it has abused its discretion.  Rankin,
974 S.W.2d at 718; Montgomery, 810 S.W.2d at 391.

To be considered reliable,
evidence based on a scientific theory must satisfy three criteria:  (1) the underlying scientific theory must be
valid; (2) the technique applying the theory must be valid; and (3) the
technique must have been applied properly on the occasion in question.  Kelly v. State, 824 S.W.2d 568, 573
(Tex. Crim. App. 1992).  The court of
criminal appeals has determined that the underlying scientific theory of the
HGN test and the technique for applying the HGN test is sufficiently reliable
under Texas Rule of Evidence 702.  Emerson v. State, 880 S.W.2d 759, 768-69
(Tex. Crim. App. 1994), cert. denied, 513 U.S. 931 (1994); see also Tex. R. Evid. 702.  In each individual case, however, the State
still must show by expert testimony that the test was properly
administered.  See Emerson, 880
S.W.2d at 769.








Accordingly, the results from
the administration of the HGN test may be admitted at trial under the following
circumstances:  (1) the testifying
officer qualifies as an expert witness regarding the test's administration and
technique; (2) the officer administers the test properly; and (3) the results
are not inadmissible for some other reason. 
Emerson, 880 S.W.2d at 763, 768-69.  Appellant complains that Officer Ebeid was
never qualified as an expert before the HGN evidence was admitted and that
there was no showing that the technique was applied in conformance with NHTSA
standards. Appellant did not object to Officer Ebeid=s qualifications at trial, presented no argument on appeal on this
issue, and cited no authority to support his position that Officer Ebeid was
not qualified as an expert witness; therefore, this issue is not properly
before this court.  Tex.
R. App. P.
38.1(h); Tong v. State, 25 S.W.3d 707, 710 (Tex. Crim. App. 2000), cert.
denied, 532 U.S. 1053 (2001) (issue overruled as inadequately briefed for
appeal because appellant presented no authorities to support his position).

Appellant further argues that
the evidence regarding the HGN test was not properly admitted because there was
no showing that the test was done in conformance with NHTSA standards.  The State is required to show that the HGN
test was properly administered by the officer on the occasion in question.  Emerson, 880 S.W.2d at 769.








The DWI Detection Manual
outlines a battery of tests, including the HGN and one‑leg stand
tests.  Compton v. State, 120
S.W.3d 375, 377 (Tex. App.CTexarkana 2003, pet. ref=d).  Nystagmus is an involuntary,
rapid, rhythmic movement of the eyeball that is a natural phenomenon,
exaggerated through the use of alcohol and certain other drugs.  Id. 
An officer is trained to look for three Aclues@ in each eye
to determine whether the person=s performance of the HGN test suggests intoxication:  (1) whether the eyes track the stimulus
together; (2) whether the left and right pupils are the same size; and (3)
whether a significant disparity exists between the performance of the left and
right eyes.  Webster v. State, 26
S.W.3d 717, 722 (Tex. App.CWaco 2000, pet. ref=d); Compton, 120 S.W.3d at 377. 
A finding of four out of six clues serves as a reliable indicator of
intoxication.  Compton, 120 S.W.3d
at 377.








Here, the record is devoid of
any proof as to how the test was administered to Appellant on the date of his
arrest.  Officer Ebeid merely testified
that she performed the HGN test, and that she attempted to give clear
instructions to Appellant during each of the field sobriety tests that she
administered to him.  Appellant made a
specific objection to the admission of the test on the grounds that there was
no showing that it was done in compliance with NHTSA standards as required by
the third prong of Emerson, but the trial court overruled this
objection.  The State argues that there
was no evidence to suggest that Officer Ebeid conducted the HGN test
improperly; however, this does not satisfy the requirement that the State must
prove that the HGN test was administered properly.  See Emerson, 880 S.W.2d at 769.  Officer Ebeid offered no testimony to show
that she properly administered the HGN test according to NHTSA standards before
arresting Appellant.  Therefore, we hold
that the trial court abused its discretion by admitting evidence of the HGN
test without requiring proof from the State that the test was administered
properly to Appellant.

Having found error, we must
conduct a harm analysis to determine whether the error calls for reversal of
the judgment.  Tex. R. App. P. 44.2. 
If the error is constitutional, we apply rule 44.2(a) and reverse unless
we determine beyond a reasonable doubt that the error did not contribute to
Appellant=s conviction
or punishment.  Tex. R. App. P. 44.2(a). 
Otherwise, we apply rule 44.2(b) and disregard the error if it does not
affect the Appellant=s
substantial rights.  Tex. R. App. P. 44.2(b); see Mosley
v. State, 983 S.W.2d 249, 259 (Tex. Crim. App. 1998) (op. on reh=g), cert. denied, 526 U.S. 1070 (1999); Coggeshall v. State,
961 S.W.2d 639, 642-43 (Tex. App.CFort Worth 1998, pet. ref=d).








The erroneous admission of
the HGN testimony did not rise to the level of constitutional error.  See Potier v. State, 68 S.W.3d
657, 662‑63 (Tex. Crim. App. 2002) (AErroneous evidentiary rulings rarely rise to the level of denying the
fundamental constitutional rights . . . .@).  Because we determine that
the error is not constitutional, rule 44.2(b) is applicable.  Tex.
R. App. P. 44.2(b). Therefore, we are to disregard the error unless it
affected Appellant=s
substantial rights.  Id.  A substantial right is affected when the
error had a substantial and injurious effect or influence in determining the
jury=s verdict.  King v. State,
953 S.W.2d 266, 271 (Tex. Crim. App. 1997) (citing Kotteakos v. United
States, 328 U.S. 750, 776, 66 S. Ct. 1239, 1253 (1946)); Coggeshall,
961 S.W.2d at 643.  In making this determination,
we review the record as a whole.  See
Johnson v. State, 967 S.W.2d 410, 417 (Tex. Crim. App. 1998).








Appellant=s defense at trial was not that he was not intoxicated but rather that
he became intoxicated after he stopped driving but before officers had arrived
on the scene.  However, Forsythe
testified that Appellant drove erratically as he left the scene of the accident.  Officer Ebeid testified that Appellant had a
strong odor of alcohol on his breath, admitted to drinking beer and smoking
marijuana, and had two empty beer cans in his car.  Furthermore, Officer Ebeid opined that
Appellant had lost the normal use of his physical faculties based upon his
inability to perform not only the HGN test but also the one-leg stand test, the
walk-and-turn test, and the alphabet test.

We conclude that, in the
context of the entire case against Appellant, the trial court=s error in admitting the evidence of the HGN test did not have a
substantial or injurious effect on the jury=s verdict and did not affect Appellant=s substantial rights.  See
King, 953 S.W.2d at 271.  Thus, we
disregard the error.  See Tex. R. App. P. 44.2(b).  We overrule Appellant=s second point. 

CONCLUSION

Having overruled Appellant=s two points, we affirm the trial court=s judgment.

PER CURIAM

PANEL F: 
HOLMAN, GARDNER, and WALKER, JJ.

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED: 
September 22, 2005











[1]See Tex. R. App. P. 47.4.