TILLINGHAST v. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-553-CR

ALBERT TILLINGHAST, III APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 367TH DISTRICT COURT OF DENTON COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Albert Tillinghast, III, appeals his coviction for felony driving while intoxicated (DWI).  After a jury convicted Appellant of felony DWI, and Appellant plead true to the enhancement paragraph that alleged a previous felony DWI conviction, the jury assessed a sentence of eighteen years’ confinement.  The trial court sentenced Appellant accordingly.  In two points, Appellant complains that the trial court committed reversible error by failing to grant a motion for continuance after a juror became disabled and by allowing testimony of the interpretation of the Horizontal Gaze Nystagus (HGN) test without establishing proper compliance with the National Highway Traffic and Safety Administration (NHTSA) standards.  We affirm.

BACKGROUND

On November 1, 2003, police arrested Appellant for DWI in Lewisville, Texas.  At approximately 3:30 p.m., Appellant collided with a car driven by former police officer Eric Forsythe, but Appellant did not stop his car following the collision.  Forsythe followed Appellant’s car, called 911 on his cell phone, and spoke with a dispatcher throughout the pursuit.  As Forsythe followed Appellant, he noticed that Appellant failed to maintain a single lane of traffic, drove at varying speeds, turned into an oncoming lane of traffic, and struck the median on three occasions.  At one point, when their cars were stopped next to each other, Forsythe requested that Appellant stop his vehicle because he had been in an accident, but Appellant continued driving.  Forsythe estimated that he followed Appellant for about four or five miles, or five to ten minutes, before Appellant stopped in the driveway of a house.  Police dispatched officers to the scene at approximately 4:06 p.m., and Forsythe remained at that location until a police officer arrived to take his statement.

Police Officer Schnequa McGee subsequently arrived at the house and completed an accident report.  At 4:17 p.m., Officer Nadia Ebeid arrived at the scene to assist Officer McGee.  Both officers testified that Appellant had a disheveled appearance and that his eyes were red and glassy.  The officers also testified that they had seen two empty beer cans in Appellant’s car.  Appellant admitted to both officers that he had been drinking.  He also admitted to Officer Ebeid that he had smoked marijuana.

Officer Ebeid performed several field sobriety tests on Appellant, including the HGN test, the one-leg stand test, the walk-and-turn test, and the alphabet test.  Based on her observations, Officer Ebeid determined that Appellant was intoxicated and arrested him for DWI.

At trial, Appellant testified that he began drinking the morning of November 1, 2003 around 8:00 a.m. and consumed four beers within thirty or forty minutes.  Appellant and his friend, Aaron Beartrack, left the house at approximately 11:30 a.m. to go work on a van in Sanger, Texas, but Appellant had car trouble on the way and stopped at the Race Track gas station in Lewisville, Texas, because the car’s engine overheated.  Eventually, Appellant was able to start the car, so he decided to take the car to the house of a friend, Pete Soliz, just a few miles away.  Appellant testified that his car did not strike Forsythe’s car and that Forsythe’s car had actually struck his car.  Appellant also testified that he was not drunk when driving the car to Soliz’s house, but he was intoxicated by the time officers arrived at the house because he had consumed two beers and smoked marijuana in the interim.  Appellant further explained that he may have appeared to be driving erratically because he was unable to shift gears and because he had to jerk the steering wheel in order to slosh around the transmission fluid.

MOTION FOR CONTINUANCE

In his first point, Appellant complains that the trial court improperly denied his motion for continuance.  During the course of trial, the court determined that one of the jurors, a woman who was eleven weeks pregnant, became disabled and was no longer able to sit on the jury when she complained that she woke up in the middle of the night with severe cramping, the cramping had not subsided, and she needed to see her physician immediately.  The court informed the parties of its intention to continue with eleven jurors.  Appellant made an oral request for a continuance for one day to determine whether the juror would be able to return to serve on the jury the following day, but the trial court denied his request.  Appellant complains that proceeding with eleven jurors lessened the State’s burden of proof by only requiring the State to convince eleven jurors of guilt.  Appellant conceded on appeal that the court had authority to proceed with eleven jurors under article 36.29 of the code of criminal procedure.  Nonetheless, Appellant contends that the trial court abused its discretion by not allowing the continuance for one day because the request for the continuance was reasonable.

A motion for continuance must be written and sworn.  
Tex. Code Crim. Proc. Ann
.
 
arts
. 29.03, 29.08 (
Vernon
 1989)
.  A motion for continuance not in writing and not sworn preserves nothing for review.  
Dewberry v. State
, 4 S.W.3d 735, 755 (Tex. Crim. App. 1999), 
cert. denied, 
529 U.S. 1131 (2000).  Accordingly, because the record does not contain a written motion for continuance as required by the code of criminal procedure, Appellant did not preserve his contention.  We overrule Appellant’s first point.

HGN TEST

In his second point, Appellant complains that the trial court improperly admitted the officer’s testimony regarding the interpretation of the HGN test that was administered to Appellant.  Police arrested Appellant for DWI following the administration of several field sobriety tests, including the HGN test, the one-leg stand test, the walk-and-turn test, and the alphabet test.  According to Officer Ebeid, Appellant had lost the normal use of his physical faculties based upon his inability to perform the field sobriety tests.  Officer Ebeid testified that she had obtained specific training relating to DWI cases, including training at the regional police academy for conducting sobriety tests as performed by the NHTSA.

We review a trial court's ruling to admit or exclude evidence under an abuse of discretion standard.  
Rankin v. State
, 974 S.W.2d 707, 718 (Tex. Crim. App. 1996) (op. on reh'g); 
Montgomery v. State
, 810 S.W.2d 372, 391 (Tex. Crim. App. 1991) (op. on reh'g).  If the court's decision falls outside the “zone of reasonable disagreement,” it has abused its discretion.  
Rankin
, 974 S.W.2d at 718; 
Montgomery
, 810 S.W.2d at 391.

To be considered reliable, evidence based on a scientific theory must satisfy three criteria:  (1) the underlying scientific theory must be valid; (2) the technique applying the theory must be valid; and (3) the technique must have been applied properly on the occasion in question.  
Kelly v. State
, 824 S.W.2d 568, 573 (Tex. Crim. App. 1992).  The court of criminal appeals has 
determined that the underlying scientific theory of the HGN test and the technique for applying the HGN test is sufficiently reliable under Texas Rule of Evidence 702. 
 Emerson v. State
, 880 S.W.2d 759, 768-69 (Tex. Crim. App. 1994), 
cert. denied
, 513 U.S. 931 (1994); 
see also 
Tex. R. Evid.
 702.  In each individual case, however, the State still must show by expert testimony that the test was properly administered.  
See Emerson
, 880 S.W.2d at 769.

Accordingly, the results from the administration of the HGN test may be admitted at trial under the following circumstances:  (1) the testifying officer qualifies as an expert witness regarding the test's administration and technique; (2) the officer administers the test properly; and (3) the results are not inadmissible for some other reason. 
 
Emerson
, 880 S.W.2d at 763, 768-69.  Appellant complains that Officer Ebeid was never qualified as an expert before the HGN evidence was admitted and that there was no showing that the technique was applied in conformance with NHTSA standards. Appellant did not object to Officer Ebeid’s qualifications at trial, presented no argument on appeal on this issue, and cited no authority to support his position that Officer Ebeid was not qualified as an expert witness; therefore, this issue is not properly before this court.  
Tex. R. App. P.
 38.1(h); 
Tong v. State,
 25 S.W.3d 707, 710 (Tex. Crim. App. 2000), 
cert. denied,
 532 U.S. 1053 (2001) (issue overruled as inadequately briefed for appeal because appellant presented no authorities to support his position).

Appellant further argues that the evidence regarding the HGN test was not properly admitted because there was no showing that the test was done in conformance with NHTSA standards.  The State is required to show that the HGN test was properly administered by the officer on the occasion in question.  
Emerson
, 880 S.W.2d at 769.

The DWI Detection Manual outlines a battery of tests, including the HGN and one-leg stand tests.  
Compton v. State
, 120 S.W.3d 375, 377 (Tex. App.—Texarkana 2003, pet. ref’d).  Nystagmus is an involuntary, rapid, rhythmic movement of the eyeball that is a natural phenomenon, exaggerated through the use of alcohol and certain other drugs.  
Id.
  An officer is trained to look for three “clues” in each eye to determine whether the person’s performance of the HGN test suggests intoxication:  (1) whether the eyes track the stimulus together; (2) whether the left and right pupils are the same size; and (3) whether a significant disparity exists between the performance of the left and right eyes.  
Webster v. State, 
26 S.W.3d 717, 722 (Tex. App.—Waco 2000, pet. ref’d)
; Compton,
 120 S.W.3d at 377.  A finding of four out of six clues serves as a reliable indicator of intoxication.  
Compton
, 120 S.W.3d at 377.

Here, the record is devoid of any proof as to how the test was administered to Appellant on the date of his arrest.  Officer Ebeid merely testified that she performed the HGN test, and that she attempted to give clear instructions to Appellant during each of the field sobriety tests that she administered to him.  Appellant made a specific objection to the admission of the test on the grounds that there was no showing that it was done in compliance with NHTSA standards as required by the third prong of 
Emerson
, but the trial court overruled this objection.  The State argues that there was no evidence to suggest that Officer Ebeid conducted the HGN test improperly; however, this does not satisfy the requirement that the State must prove that the HGN test was administered properly.  
See Emerson
, 880 S.W.2d at 769.  Officer Ebeid offered no testimony to show that she properly administered the HGN test according to NHTSA standards before arresting Appellant.  Therefore, we hold that the trial court abused its discretion by admitting evidence of the HGN test without requiring proof from the State that the test was administered properly to Appellant.

Having found error, we must conduct a harm analysis to determine whether the error calls for reversal of the judgment.  
Tex. R. App. P.
 44.2.  If the error is constitutional, we apply rule 44.2(a) and reverse unless we determine beyond a reasonable doubt that the error did not contribute to Appellant’s conviction or punishment.  
Tex. R. App. P.
 44.2(a).  Otherwise, we apply rule 44.2(b) and disregard the error if it does not affect the Appellant’s substantial rights.  
Tex. R. App. P.
 44.2(b); 
see Mosley v. State,
 983 S.W.2d 249, 259 (Tex. Crim. App. 1998) (op. on reh’g), 
cert. denied
, 526 U.S. 1070 (1999); 
Coggeshall v. State
, 961 S.W.2d 639, 642-43 (Tex. App.—Fort Worth 1998, pet. ref’d).

The erroneous admission of the HGN testimony did not rise to the level of constitutional error.  
See
 
Potier v. State
, 68 S.W.3d 657, 662-63 (Tex. Crim. App. 2002) (“Erroneous evidentiary rulings rarely rise to the level of denying the fundamental constitutional rights . . . .”).  
Because we determine that the error is not constitutional, rule 44.2(b) is applicable.  
Tex. R. App. P.
 44.2(b). Therefore, we are to disregard the error unless it affected Appellant’s substantial rights.  
Id.
  A substantial right is affected when the error had a substantial and injurious effect or influence in determining the jury’s verdict.  
King v. State
, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997) (citing 
Kotteakos v. United States
, 328 U.S. 750, 776, 66 S. Ct. 1239, 1253 (1946)); 
Coggeshall,
 961 S.W.2d at 643.  In making this determination, we review the record as a whole. 
 See Johnson v. State
, 967 S.W.2d 410, 417 (Tex. Crim. App. 1998).

Appellant’s defense at trial was not that he was not intoxicated but rather that he became intoxicated after he stopped driving but before officers had arrived on the scene.  
However, Forsythe testified that Appellant drove erratically as he left the scene of the accident.
 
 Officer Ebeid testified that Appellant had a strong odor of alcohol on his breath, admitted to drinking beer and smoking marijuana, and had two empty beer cans in his car.  Furthermore, Officer Ebeid opined that Appellant had lost the normal use of his physical faculties based upon his inability to perform not only the HGN test but also the one-leg stand test, the walk-and-turn test, and the alphabet test.

We conclude that, in the context of the entire case against Appellant, the trial court’s error in admitting the evidence of the HGN test did not have a substantial or injurious effect on the jury’s verdict and did not affect Appellant’s substantial rights.  
See King
, 953 S.W.2d at 271.  Thus, we disregard the error.  
See
 
Tex. R. App. P.
 44.2(b).
  We overrule Appellant’s second point. 

CONCLUSION

Having overruled Appellant’s two points, we affirm the trial court’s judgment.

PER CURIAM

PANEL F:  HOLMAN, GARDNER, and WALKER, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  September 22, 2005

FOOTNOTES
1:
See 
Tex. R. App. P.
 47.4.