02-11-360-CR









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-11-00360-CR

 

 


 
 
 Dena Darlene Glasscock
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE
 
 


 

 

----------

FROM THE 355th
District Court OF Hood COUNTY

----------

MEMORANDUM
OPINION[1]

----------

A
jury convicted Appellant Dena Darlene Glasscock of possession of
methamphetamine under one gram and assessed her punishment at twenty-four
months’ confinement and a $2500 fine.  The trial court sentenced her
accordingly.  Appellant brings two points on appeal, challenging the
sufficiency of the evidence to support the verdict and the admission of
evidence regarding the usability of trace amounts of methamphetamine.  Because
the evidence is sufficient to support the jury’s verdict and because the trial
court committed no reversible error, we affirm the trial court’s judgment.

Background
Facts

On
October 5, 2010, Granbury Police Officer William Duckett stopped Appellant for
speeding.  Appellant, who was the sole occupant of the vehicle, had an invalid
driver’s license, and a warrant had been issued for her arrest.  Duckett
obtained Appellant’s consent to search the vehicle and found a backpack behind
the driver’s seat.  The backpack held a propane torch lighter, a spoon, a pick,
razor blades, and a clear baggie containing a “clear rock substance.”

After
conducting field tests on the contents of the baggie, Duckett concluded that
the substance in the baggie was methamphetamine.  Duckett arrested Appellant
but allowed her to make arrangements to have a friend retrieve her vehicle in
lieu of its being towed.  Appellant asked Duckett to remove the “obvious stuff”
from the vehicle before her friend arrived.  Duckett interpreted her comment as
a reference to the “drug paraphernalia” in the backpack.  In a later lab test,
the residue in the clear baggie tested positive for methamphetamine, and
Appellant was indicted for possession of a controlled substance under one gram.

A
two-day trial began on July 25, 2011.  Duckett testified that when he conducted
the field test on the contents of the baggie, the test returned a weak result
for methamphetamine.  He stated that he then retested the contents and received
a stronger result for methamphetamine.  Duckett also testified that he placed
the evidence into evidence bags, transported the evidence to the police department,
and placed the evidence in the evidence locker for the evidence custodian to
retrieve.

On
cross-examination, however, Duckett stated that he could not identify the
substance in the baggie based on his initial field test.  He also admitted that
he gave the baggie to Chris Weston, a backup officer who arrived at the scene to
assist Duckett, and that it was Weston who transported the baggie to the police
department and conducted the second test.  After conducting the test, Weston
contacted Duckett and told him the result.  Duckett later went to the police department,
retrieved the evidence from Weston, sealed it, and then deposited it into the
evidence locker.

The
State also called William Chandley as an expert witness.  Chandley testified
that he had a degree in chemistry and had worked for the Texas Department of
Public Safety as a forensic chemist for over twenty years.  Chandley testified
that he retrieved the evidence submitted by Duckett from the evidence vault,
tested the contents of the baggie, and found a trace amount of methamphetamine.
 During cross-examination, Appellant’s trial counsel asked Chandley whether a
trace amount of methamphetamine was usable.  Chandley responded that it was.  On
redirect, the State asked Chandley to explain how a trace amount of
methamphetamine was usable.  Chandley’s response and Appellant’s objections
were as follows:

[CHANDLEY]:
 We get an awful lot of this type of evidence that’s trace in bags that—that
are less than .01 grams.  People collect these bags until they get several.  In
talking to confidential informants, the police officers—

[DEFENSE
COUNSEL]:  Judge, I’m going to object to hearsay.

THE
COURT:  Sustained.

[STATE]:
 Without saying what somebody said, necessarily, what’s your understanding of
how a drug user uses a trace amount of methamphetamine[?]

[DEFENSE
COUNSEL]:  Judge, I’m going to object that he doesn’t have personal knowledge,
because he just said that he’s gotten this information from—thirdhand from
officers that have talked to other people.

THE
COURT:  Overruled.

[CHANDLEY]:
 Water is added to the bags, and that—that solution is passed down through
three or four bags, and then it’s drawn up into a syringe, and then it’s
injected.  They’re not going to throw the bags away if there’s a trace amount
of methamphetamine or cocaine in the bags.

On
recross examination, Appellant’s counsel asked Chandley whether someone would
have to have several bags with trace amounts to have a usable amount.  Chandley
testified that a trace amount from one bag was usable, depending on “how
addicted you are.”  The State called no additional witnesses.

Sufficiency
of the Evidence

Appellant
phrases her first point as a factual sufficiency complaint but acknowledges
that there is no longer a factual sufficiency review in Texas criminal law.[2]
 We therefore address Appellant’s first point as a sufficiency complaint under
the Jackson v. Virginia standard.[3]
 In
reviewing the sufficiency of the evidence to support a conviction, we view all
of the evidence in the light most favorable to the verdict to determine whether
any rational trier of fact could have found the essential elements of the crime
beyond a reasonable doubt.[4]

The
health and safety code provides that it is an offense to possess methamphetamine.[5] 
Unlike section 481.121, which requires a person to possess a usable amount of
marijuana in order to commit an offense,[6] section 481.115 does not
require that the person possess a usable amount of methamphetamine in order to
commit an offense; it appears to require only that the person possess some
amount of methamphetamine.[7]

Appellant
argues that Duckett’s contradictory testimony about who performed the second
field test and who took the evidence to the station “seriously calls into
question the chain of custody of the evidence and the reliability of such
evidence.  A broken . . . chain of custody coupled with hearsay
testimony about a second field test leaves far more than a reasonable doubt
concerning the guilt of Appellant.”  But the Texas Court of Criminal Appeals
has stated that “[a]bsent evidence of tampering, issues regarding the chain of
custody bear on the weight, rather than on the admissibility, of evidence.”[8]  And the jury as
the trier of fact determines the credibility of the witnesses and the evidence
and the weight to be given to each witness and to each piece of evidence.[9]
 Finally, in reviewing the sufficiency of the evidence, an appellate court
considers all the evidence, even improperly admitted evidence.[10]

Duckett
testified to two separate tests of the residue in the baggie.  Both tests
revealed the presence of methamphetamine.

Appellant
was alone when she was pulled over by Duckett.  The baggie containing the
methamphetamine residue was found in her vehicle.  Duckett testified that he
had tested the residue and that the result came back a weak positive for
methamphetamine.  Applying the appropriate standard of review, we hold that the
evidence is sufficient to support the jury’s verdict.  We overrule Appellant’s
first point.

Admissibility
of Testimony about Usability of Trace Amounts of Drug

In
her second point, Appellant argues that the trial court reversibly erred by
allowing Chandley to testify about how drug users could potentially use trace
amounts of methamphetamine because the testimony was outside his personal
knowledge and expertise.  At trial, Appellant objected that the testimony was
hearsay.  Appellant does not argue here, and did not argue below, that the
trial court’s admitting the hearsay testimony violated any of her constitutional
rights.

Accordingly,
if we were to assume that the trial court erred by admitting the testimony, we
would nonetheless disregard the error because it would not affect any
substantial right of Appellant,[11] given that whether she
possessed a usable quantity of methamphetamine was irrelevant because the law
does not require that the amount of methamphetamine possessed be a usable
amount to constitute an offense.[12]  We therefore overrule
Appellant’s second point.

Conclusion

Having
overruled Appellant’s two points, we affirm the trial court’s judgment.

 

 

LEE ANN DAUPHINOT
JUSTICE

 

PANEL: 
LIVINGSTON,
C.J.; DAUPHINOT and GABRIEL, JJ.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  March 29, 2012









[1]See Tex. R. App. P. 47.4.





[2]See Brooks v. State, 323 S.W.3d 893,
905–06, 911 (Tex. Crim. App. 2010).





[3]See id. at 911; Jackson v. Virginia,
443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979).





[4]Jackson, 443 U.S. at 319, 99 S. Ct. at
2789; Clayton v. State, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007).





[5]Tex. Health & Safety Code Ann. §§ 481.102(6) (providing that
methamphetamine is a penalty group 1 substance), .115(a), (b) (providing that
unauthorized possession of a penalty group 1 substance
of less than a gram is a state jail felony) (West 2010).





[6]Id. § 481.121(a).





[7]Id. § 481.115(a), (b).





[8]Davis v. State, 313 S.W.3d 317, 348
(Tex. Crim. App. 2010), cert. denied, 132 S. Ct. 122 (2011).





[9]Tex. Code Crim. Proc. Ann. art. 38.04 (West 1979); Brown v. State, 270 S.W.3d 564, 568 (Tex. Crim. App. 2008), cert. denied, 129 S. Ct. 2075 (2009).





[10]Clayton, 235 S.W.3d at 778; Moff v.
State, 131 S.W.3d 485, 489–90 (Tex. Crim. App. 2004).





[11]See Tex. R. App. P. 44.2(b); King v. State, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997) (citing Kotteakos v.
United States, 328 U.S. 750, 776, 66 S. Ct. 1239, 1253 (1946)); Coggeshall
v. State, 961 S.W.2d 639, 643 (Tex. App.—Fort Worth 1998, pet. ref’d).





[12]See Tex. Health & Safety Code Ann.
§§ 481.102(6), .115(a), (b); see also Solomon v. State, 49 S.W.3d 356,
365 (Tex. Crim. App. 2001); Johnson v. State, 967 S.W.2d 410, 417 (Tex. Crim.
App. 1998).