

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-11-00360-CR

DENA DARLENE GLASSCOCK                                    APPELLANT

V.

THE STATE OF TEXAS                                            STATE

----------

FROM THE 355TH DISTRICT COURT OF HOOD COUNTY

----------

## MEMORANDUM OPINION[1]

----------

A jury convicted Appellant Dena Darlene Glasscock of possession of methamphetamine under one gram and assessed her punishment at twenty-four months' confinement and a $2500 fine. The trial court sentenced her accordingly. Appellant brings two points on appeal, challenging the sufficiency of the evidence to support the verdict and the admission of evidence regarding the usability of trace amounts of methamphetamine. Because the evidence is

---

[1]*See* Tex. R. App. P. 47.4.

sufficient to support the jury's verdict and because the trial court committed no reversible error, we affirm the trial court's judgment.

**Background Facts**

On October 5, 2010, Granbury Police Officer William Duckett stopped Appellant for speeding. Appellant, who was the sole occupant of the vehicle, had an invalid driver's license, and a warrant had been issued for her arrest. Duckett obtained Appellant's consent to search the vehicle and found a backpack behind the driver's seat. The backpack held a propane torch lighter, a spoon, a pick, razor blades, and a clear baggie containing a "clear rock substance."

After conducting field tests on the contents of the baggie, Duckett concluded that the substance in the baggie was methamphetamine. Duckett arrested Appellant but allowed her to make arrangements to have a friend retrieve her vehicle in lieu of its being towed. Appellant asked Duckett to remove the "obvious stuff" from the vehicle before her friend arrived. Duckett interpreted her comment as a reference to the "drug paraphernalia" in the backpack. In a later lab test, the residue in the clear baggie tested positive for methamphetamine, and Appellant was indicted for possession of a controlled substance under one gram.

A two-day trial began on July 25, 2011. Duckett testified that when he conducted the field test on the contents of the baggie, the test returned a weak result for methamphetamine. He stated that he then retested the contents and received a stronger result for methamphetamine. Duckett also testified that he

placed the evidence into evidence bags, transported the evidence to the police department, and placed the evidence in the evidence locker for the evidence custodian to retrieve.

On cross-examination, however, Duckett stated that he could not identify the substance in the baggie based on his initial field test. He also admitted that he gave the baggie to Chris Weston, a backup officer who arrived at the scene to assist Duckett, and that it was Weston who transported the baggie to the police department and conducted the second test. After conducting the test, Weston contacted Duckett and told him the result. Duckett later went to the police department, retrieved the evidence from Weston, sealed it, and then deposited it into the evidence locker.

The State also called William Chandley as an expert witness. Chandley testified that he had a degree in chemistry and had worked for the Texas Department of Public Safety as a forensic chemist for over twenty years. Chandley testified that he retrieved the evidence submitted by Duckett from the evidence vault, tested the contents of the baggie, and found a trace amount of methamphetamine. During cross-examination, Appellant's trial counsel asked Chandley whether a trace amount of methamphetamine was usable. Chandley responded that it was. On redirect, the State asked Chandley to explain how a trace amount of methamphetamine was usable. Chandley's response and Appellant's objections were as follows:

[CHANDLEY]: We get an awful lot of this type of evidence that's trace in bags that—that are less than .01 grams. People collect these bags until they get several. In talking to confidential informants, the police officers—

[DEFENSE COUNSEL]: Judge, I'm going to object to hearsay.

THE COURT: Sustained.

[STATE]: Without saying what somebody said, necessarily, what's your understanding of how a drug user uses a trace amount of methamphetamine[?]

[DEFENSE COUNSEL]: Judge, I'm going to object that he doesn't have personal knowledge, because he just said that he's gotten this information from—thirdhand from officers that have talked to other people.

THE COURT: Overruled.

[CHANDLEY]: Water is added to the bags, and that—that solution is passed down through three or four bags, and then it's drawn up into a syringe, and then it's injected. They're not going to throw the bags away if there's a trace amount of methamphetamine or cocaine in the bags.

On recross examination, Appellant's counsel asked Chandley whether someone would have to have several bags with trace amounts to have a usable amount. Chandley testified that a trace amount from one bag was usable, depending on "how addicted you are." The State called no additional witnesses.

**Sufficiency of the Evidence**

Appellant phrases her first point as a factual sufficiency complaint but acknowledges that there is no longer a factual sufficiency review in Texas

4

criminal law.[2]   We therefore address Appellant's first point as a sufficiency complaint under the *Jackson v. Virginia* standard.[3]  In reviewing the sufficiency of the evidence to support a conviction, we view all of the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.[4]

The health and safety code provides that it is an offense to possess methamphetamine.[5]  Unlike section 481.121, which requires a person to possess a usable amount of marijuana in order to commit an offense,[6] section 481.115 does not require that the person possess a usable amount of methamphetamine in order to commit an offense; it appears to require only that the person possess some amount of methamphetamine.[7]

---

[2]*See Brooks v. State*, 323 S.W.3d 893, 905–06, 911 (Tex. Crim. App. 2010).

[3]*See id.* at 911; *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979).

[4]*Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007).

[5]Tex. Health & Safety Code Ann. §§ 481.102(6) (providing that methamphetamine is a penalty group 1 substance), .115(a), (b) (providing that unauthorized possession of a penalty group 1 substance of less than a gram is a state jail felony) (West 2010).

[6]*Id.* § 481.121(a).

[7]*Id.* § 481.115(a), (b).

Appellant argues that Duckett's contradictory testimony about who performed the second field test and who took the evidence to the station "seriously calls into question the chain of custody of the evidence and the reliability of such evidence. A broken . . . chain of custody coupled with hearsay testimony about a second field test leaves far more than a reasonable doubt concerning the guilt of Appellant." But the Texas Court of Criminal Appeals has stated that "[a]bsent evidence of tampering, issues regarding the chain of custody bear on the weight, rather than on the admissibility, of evidence."[8] And the jury as the trier of fact determines the credibility of the witnesses and the evidence and the weight to be given to each witness and to each piece of evidence.[9] Finally, in reviewing the sufficiency of the evidence, an appellate court considers all the evidence, even improperly admitted evidence.[10]

Duckett testified to two separate tests of the residue in the baggie. Both tests revealed the presence of methamphetamine.

Appellant was alone when she was pulled over by Duckett. The baggie containing the methamphetamine residue was found in her vehicle. Duckett testified that he had tested the residue and that the result came back a weak

---

[8]*Davis v. State*, 313 S.W.3d 317, 348 (Tex. Crim. App. 2010), *cert. denied*, 132 S. Ct. 122 (2011).

[9]Tex. Code Crim. Proc. Ann. art. 38.04 (West 1979); *Brown v. State*, 270 S.W.3d 564, 568 (Tex. Crim. App. 2008), *cert. denied*, 129 S. Ct. 2075 (2009).

[10]*Clayton*, 235 S.W.3d at 778; *Moff v. State*, 131 S.W.3d 485, 489–90 (Tex. Crim. App. 2004).

positive for methamphetamine. Applying the appropriate standard of review, we hold that the evidence is sufficient to support the jury's verdict. We overrule Appellant's first point.

**Admissibility of Testimony about Usability of Trace Amounts of Drug**

In her second point, Appellant argues that the trial court reversibly erred by allowing Chandley to testify about how drug users could potentially use trace amounts of methamphetamine because the testimony was outside his personal knowledge and expertise. At trial, Appellant objected that the testimony was hearsay. Appellant does not argue here, and did not argue below, that the trial court's admitting the hearsay testimony violated any of her constitutional rights.

Accordingly, if we were to assume that the trial court erred by admitting the testimony, we would nonetheless disregard the error because it would not affect any substantial right of Appellant,[11] given that whether she possessed a usable quantity of methamphetamine was irrelevant because the law does not require that the amount of methamphetamine possessed be a usable amount to constitute an offense.[12] We therefore overrule Appellant's second point.

---

[11]*See* Tex. R. App. P. 44.2(b); *King v. State*, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997) (citing *Kotteakos v. United States*, 328 U.S. 750, 776, 66 S. Ct. 1239, 1253 (1946)); *Coggeshall v. State*, 961 S.W.2d 639, 643 (Tex. App.—Fort Worth 1998, pet. ref'd).

[12]*See* Tex. Health & Safety Code Ann. §§ 481.102(6), .115(a), (b); s*ee also Solomon v. State*, 49 S.W.3d 356, 365 (Tex. Crim. App. 2001); *Johnson v. State*, 967 S.W.2d 410, 417 (Tex. Crim. App. 1998).

**Conclusion**

Having overruled Appellant's two points, we affirm the trial court's judgment.

LEE ANN DAUPHINOT
JUSTICE

PANEL:  LIVINGSTON, C.J.; DAUPHINOT and GABRIEL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  March 29, 2012